THE STATE OF OHIO, APPELLANT, *v.* MALINOVSKY, APPELLEE.

[Cite as State *v.* Malinovsky (1991), 60 Ohio St. 3d 20.]

(No. 90-317—Submitted February 5, 1991—Decided May 15, 1991.)

*Gregory A. White,* prosecuting attorney, and *Jonathan E. Rosenbaum,* for appellant.

*Smith & Smith, Daniel G. Wightman* and *Gerald M. Smith,* for appellee.

*Michael Miller* and *Alan C. Travis,* urging reversal for *amicus curiae,* Ohio Prosecuting Attorneys Association.

WRIGHT, J. The General Assembly has granted prosecutors the right of

appeal from an adverse ruling on a motion to suppress evidence prior to final disposition of a criminal prosecution. Crim. R. 12(J) reads:

"* * * The state may take an appeal as of right from the granting of a motion for the return of seized property, or from the granting of a motion to suppress evidence if, in addition to filing a notice of appeal, the prosecuting attorney certifies that: (1) the appeal is not taken for the purpose of delay; and (2) the granting of the motion has rendered the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed.

"Such appeal shall not be allowed unless the notice of appeal and the certification by the prosecuting attorney are filed with the clerk of the trial court within seven days after the date of the entry of the judgment or order granting the motion. Any appeal taken under this rule shall be diligently prosecuted.

"If the defendant has not previously been released, he shall, except in capital cases, be released from custody on his own recognizance pending such appeal when the prosecuting attorney files the notice of appeal and certification."

Additionally, R.C. 2945.67 provides a similar right to appeal:

"(A) A prosecuting attorney, village solicitor, city director of law, or the attorney general may appeal as a matter or [of] right any decision of a trial court in a criminal case, or any decision of a juvenile court in a delinquency case, which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief pursuant to sections 2953.21 to 2953.24 of the Revised Code, and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case or of the juvenile court in a delinquency case.

"(B) In any proceeding brought pursuant to division (A) of this section, the court shall, in accordance with Chapter 120. of the Revised Code, appoint the county public defender, joint county public defender, or other counsel to represent any person who is indigent, is not represented by counsel, and does not waive his right to counsel."

In *State* v. *Davidson* (1985), 17 Ohio St. 3d 132, 17 OBR 277, 477 N.E. 2d 1141, at the syllabus, we defined "motion to suppress" as used in Crim. R. 12(J) to include "[a]ny motion, however labeled, which, if granted, restricts the state in the presentation of certain evidence and, thereby, renders the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed * * *."

Davidson involved a pretrial motion *in limine* seeking to exclude evidence, not due to constitutional infirmity, but rather, under the Rules of Evidence. We made no comment in *Davidson* as to the applicability of Crim. R. 12(J) to evidentiary rulings at trial. Today, we are asked to decide whether a prosecutor may file a Crim. R. 12(J) appeal during trial.

The defendant argues that a mid-trial evidentiary ruling is not a final appealable order and, hence, not appealable until final disposition of the case. The defendant further argues that because the state cannot appeal during trial, the subsequent dismissal for failure to prosecute coupled with the Double Jeopardy Clause bars reprosecution.

## I

The defendant's arguments point directly to the problem that Crim. R. 12(J) was designed to address. A criminal defendant prejudiced by an adverse evidentiary ruling has the absolute right of appeal after conviction, and, if successful, may obtain meaningful relief. Prior to the adoption of Crim. R. 12(J), the state lacked this remedy. If the state was prejudiced by an adverse evidentiary ruling resulting in an acquittal, the state had no meaningful recourse, as the Double Jeopardy Clause barred retrial. In response, the adoption of Crim. R. 12(J) and enactment of R.C. 2945.67 were designed to preclude the loss of a worthy criminal case solely due to an erroneous ruling by a trial court.

While we have not previously considered whether a Crim. R. 12(J) appeal lies mid-trial, the state faces the same prospect of losing cases due to mistaken evidentiary rulings during trial as it does before trial. Once trial has begun, however, the defendant has an important interest in having his or her case decided by the jury impaneled to hear same. This interest arises from a defendant's right to a speedy trial and a defendant's double jeopardy guarantee to be free from multiple prosecutions. However, this interest is not absolute. See *United States* v. *Scott* (1978), 437 U.S. 82; *State* v. *Calhoun* (1985), 18 Ohio St. 3d 373, 18 OBR 429, 481 N.E. 2d 624.

We are thus faced with the question of whether the defendant's interest in an uninterrupted trial outweighs the state's interest in effective prosecutions. Because of the procedural safeguards provided by certification, we hold that Crim. R. 12(J) allows for expedited appeals of evidentiary rulings during trial without impermissibly infringing upon a defendant's interest in an uninterrupted trial.

Crim. R. 12(J) does not provide the state with an unfettered right of appeal. The certification element of Crim. R. 12(J) provides the defendant with protection from prosecutorial abuse and harmonizes the appeal with the final order requirement of the Ohio Constitution.[1] Under Crim. R. 12(J) the state must certify that the appeal is not taken for the purpose of delay and that the complained-of ruling destroys the state's case. Because the state certifies that the ruling destroys its case, the ruling is, in essence, a final order.

## II

We next turn to defendant's double jeopardy argument. The appellate court held that the prohibition against double jeopardy attached to the mid-trial dismissal for failure to prosecute. Although the guarantee against double jeopardy generally attaches upon impanelment of the jury, it is not absolute at that point. *Scott, supra; Calhoun, supra.* In *Scott,* the United States Supreme Court held that double jeopardy protection is not absolute until there is a dismissal or acquittal based upon a factual finding of innocence. *Id.* at 96-97. *Scott* ultimately held that retrial is permissible after the guarantee against double jeopardy has attached where the defendant has sought a termination of the proceedings on grounds other than the state's failure of proof. *Id.* at 101.

---

[1] Section 3(B)(2), Article IV of the Ohio Constitution reads in part:

"Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *[.]"

Similarly, in *Calhoun,* we held that retrial was not barred by the Double Jeopardy Clause where a trial court erroneously dismissed an indictment at trial on the grounds that the statute establishing the crime was unconstitutionally vague. *Calhoun, supra,* at syllabus.

Today, we are asked whether double jeopardy bars retrial where a trial court, after ruling on a defendant's objection to evidence crucial to the state's case, erroneously precluded the state from taking a Crim. R. 12(J) appeal and subsequently dismissed criminal charges for a failure to prosecute. Because the Crim. R. 12(J) appeal and subsequent dismissal for failure to prosecute were precipitated by the defendant's objection, in light of *Scott* and *Calhoun,* we hold that the Double Jeopardy Clause does not bar reprosecution where a criminal prosecution is dismissed for failure to prosecute after the trial court has erroneously required the state to proceed with trial despite the state's properly filed Crim. R. 12(J) appeal. See, generally, Annotation (1989), 95 L. Ed. 2d 924; Annotation (1985), 40 A.L.R. 4th 741.

Therefore, the judgment of the court of appeals is reversed and this cause is remanded to that court for consideration of the state's appeal of the evidentiary ruling.

*Judgment reversed
and cause remanded.*

MOYER, C.J., SWEENEY, HOLMES and DOUGLAS, JJ., concur.

DOUGLAS, J., concurs separately.

H. BROWN and RESNICK, JJ., dissent.

DOUGLAS, J., concurring. I concur in the syllabus, the judgment and the well reasoned opinion of the majority. I write separately only to call attention to our recent decision in *State* v. *Fraternal Order of Eagles Aerie 0337 Buckeye* (1991), 58 Ohio St. 3d 166, 569 N.E. 2d 478, which is additional authority in support of the propositions of law set forth so clearly and well by Justice Wright in the case at bar.

ALICE ROBIE RESNICK, J., dissenting. The state's ability to appeal as of right was nonexistent until the General Assembly saw fit to enact R.C. 2945.67. Furthermore, Crim. R. 12(J) is an exception to the general rule prohibiting appeals by the state in criminal prosecutions; thus, it must be strictly construed. The sole "purpose of Crim. R. 12(J) is to allow the state a review of the adverse ruling of a trial court on a motion for the return of seized property, *or* on a motion to suppress evidence, where the granting of the motion has so debilitated the vitality of the state's case that any reasonably effective prosecution has been destroyed * * *." (Emphasis *sic.*) *State* v. *Caltrider* (1975), 43 Ohio St. 2d 157, 72 O.O. 2d 88, 331 N.E. 2d 710, at paragraph two of the syllabus. In spite of the clear legislative intent, the majority today has extended by judicial fiat the parameters within which the state may appeal as of right pursuant to R.C. 2945.67 and Crim. R. 12(J).

Reliance on *State* v. *Davidson* (1985), 17 Ohio St. 3d 132, 17 OBR 277, 477 N.E. 2d 1141, is misplaced. Admittedly, *Davidson* dealt with the state's right of appeal in situations beyond motions to suppress. However, the basis was the fact that at times a motion is called a motion in limine when in actuality it is a motion to suppress. *Davidson, supra,* simply promotes a reasonable interpretation of R.C. 2945.67 and Crim. R. 12(J) in order to

ensure fairness and avoid a miscarriage of justice.

The state is not totally without ability to appeal other matters, excluding the final verdict, since the General Assembly has provided the state with the ability to appeal by leave of court in R.C. 2945.67. However, today's holding appears to clothe the state with even broader rights of appeal than those envisioned by the legislature.

While the state endeavored to force the appellee to file a pretrial motion regarding the conversations at issue, none was filed. Hence the state is attempting to appeal a purely adverse evidentiary ruling. It would appear that the state was trying to establish the conspiracy by means of the disputed evidence itself. The trial court ruled that no foundation for a conspiracy was laid by the prosecution. In fact, the trial court made it clear that it would reconsider its ruling if the state presented some independent evidence of the conspiracy. Thus, it becomes quite clear that this was an interlocutory ruling and cannot under any circumstances be appealed.

Not only is this case distinguishable from *Davidson, supra,* but it is also distinguishable from our recent opinion in *State* v. *Fraternal Order of Eagles Aerie 0337 Buckeye* (1991), 58 Ohio St. 3d 166, 569 N.E. 2d 478. The defendants in both *Davidson* and *F.O.E. Buckeye* had filed a pretrial motion. In the present case, no pretrial motion of any kind was filed by appellee. Today's holding will result in allowing the state an appeal as of right from every adverse evidentiary ruling during the course of trial without any pretrial or mid-trial motion being filed. Immeasurable delays in the prosecution of cases will inevitably result. Indeed, today's holding implies that trial courts need someone to review all of their routine evidentiary rulings in order that a fair trial may occur. We have always placed great discretion in the trial court to determine what evidence is and is not admissible during the course of a trial. *State* v. *Sage* (1987), 31 Ohio St. 3d 173, 31 OBR 375, 510 N.E. 2d 343. A better solution to the problem presented by this case would be to permit the prosecution to file a pretrial motion for an evidentiary ruling. The state would then be in a position to properly prepare and present its case knowing what evidence would and would not be admissible. Additionally, the delays of the appeal process would be avoided. The state, however, still would not be able to appeal any interlocutory rulings which are subject to change during the course of the trial.

After a thorough consideration of R.C. 2945.67 and Crim. R. 12(J), it is beyond comprehension how the state can be afforded an appeal as of right from a purely evidentiary ruling — one which does not involve the seizure of property or an adverse ruling on a motion to suppress evidence. The ruling at issue is totally interlocutory since it could have been changed by the trial court if the prosecution had laid the proper foundation for the existence of a conspiracy.

In conclusion, I also disagree with the majority's holding as to double jeopardy. However, the foregoing enlargement of the state's right of appeal as to evidentiary rulings is so strained that I will not comment further on double jeopardy for fear of giving the slightest hint of credibility to the majority's holding. I would affirm the court of appeals.

H. BROWN, J., concurs in the foregoing dissenting opinion.