OPINION
This matter came from the Ashtabula County Court of Common Pleas. Appellee/cross-appellant, the State of Ohio, appeals the trial court's decision overruling its objection to a jury instruction given by the court regarding statements made by appellant/cross-appellee, Larry J. Kole, to police officers. Although both parties have appealed the trial court's judgment, we will refer to Larry J. Kole as "Kole" and the State of Ohio as "the State" for the sake of simplicity.
On July 8, 1998, appellee was indicted by the Ashtabula County grand jury charging him with robbery, a felony of the third degree in violation of R.C. 2911.02, and theft, a felony of the fifth degree in violation of R.C. 2913.02. Subsequently, he entered a plea of not guilty to all the charges, and the matter was set for a jury trial. On January 27, 1999, the jury returned a verdict of guilty on both counts. Kole was sentenced on March 15, 1999 and ordered to serve a term of two years in prison.
Kole filed a notice of appeal from the trial court's judgment on April 9, 1999. On April 19, 1999, the State filed its own notice of cross appeal challenging the trial courts decision to overrule its objection to the use of a certain jury instruction. However, on October 29, 1999, Kole filed a motion to dismiss his direct appeal and the State's cross appeal with this court. This court ordered that Kole's motion was granted to the extent that his direct appeal was dismissed while the cross appeal filed by the State would proceed. Accordingly, the State challenges a jury instruction given by the trial court over its objection and asserts the following assignment of error on the cross appeal:
 "[1.] In case no. 98-cr-142, the trial court erred when it included in its jury instructions, a statement limiting the credibility of a police officer's testimony regarding statements made by the defendant."
 In this sole assignment of error on cross appeal, it is argued that the trial court erred in giving a cautionary instruction to the jury regarding appellant's statements to the police officers. The instruction given by the trial court to the jury which is at issue here reads as follows:
 "Evidence has been submitted concerning certain oral statements claimed to have been made by the defendant. You should consider with caution evidence of any [oral] statement by the defendant to the police officer. In determining such evidence, you should consider whether it was made by the defendant, whether it was truthful, whether it was accurately recorded, whether the defendant understood what was said, the circumstances under which it was made, the emotions or hope or fear that may have existed, and the difficulty of contradicting such statements. However, upon you alone rests the duty to apply the general rules for testing the credibility of witnesses and to decide what weight should be given to all or any part of such evidence." (Emphasis added.)
 Specifically, the State takes issue with the emphasized portion of the jury instruction. Although the State objected to the emphasized portion, the trial court overruled its objection. Thereafter, the jury commenced deliberations and subsequently returned a verdict of guilty on all the counts against Kole.
Before we may address the merits of the State's assignment of error on cross appeal, Kole has raised a preliminary issue. In his cross-assignment of error, he asserts that the State has failed to comply with App.R. 5(B), which governs discretionary appeals by the prosecution from a judgment or order of the trial court.[1] Specifically, Kole maintains that this court is without jurisdiction to hear the cross appeal because the State never sought leave of this court to appeal the jury instruction it contests. Further, according to Kole, the allegedly improper jury instruction is a moot issue as he has already been convicted, and the State is not challenging his sentence or conviction.
In response, the State argues that its notice of cross appeal was timely and properly filed under App.R. 3(C)(1)[2] and 4(B)(1)[3]. Specifically, the State points out that it had complied with App.R. 4(B)(1) because the notice of cross appeal was filed within ten days following Kole's original notice of appeal.[4] Further, the State contends that the cross appeal is in accord with App.R. 3(C)(1) in that it intends to defend the jury's verdict but seeks to modify the underlying decision of the trial court which erroneously provided an improper jury instruction.
In the State's reply brief, there is no discussion of how App.R. 5(B) or R.C. 2945.67(A) affects the case herein. Nevertheless, the State concludes its cross appeal is properly before this court and should be determined on the merits.
Originally, the State had no right to appeal decisions in criminal cases. As a result, R.C. 2945.67 was enacted to balance the disparity between a defendant's right to appeal and the absence of any such right possessed by the State. State v.Davidson (1985), 17 Ohio St.3d 132, 134. This statute grants the State a substantive right of appeal. See, e.g., State v. Slatter
(1981) 66 Ohio St.2d 452, 456-457; State v. Hughes (1975),41 Ohio St.2d 208, 210-211.
 "That substantive right is limited to those instances:(1) where the statute permits an appeal of right, and (2) where the appeal is allowed by an appellate court in the exercise of its discretion. See State v. Waller (1976), 47 Ohio St.2d 53 [47 Ohio St.2d 52], 55-56. Although the Ohio Appellate Rules have bearing with respect to the procedure of the state's right to appeal an adverse decision in a criminal case, the right itself is simply not found in those rules. Indeed, promulgation of court rules which enlarge or modify any substantive right is strictly prohibited by Section 5(B) of Article IV of the Ohio Constitution. Appeals by the state in a criminal proceeding must be based on a statutory grant of authority allowing it to be brought. Rules of court which modify or enlarge that statutory grant of authority are constitutionally invalid. See e.g. Waller, supra at paragraph one of the syllabus (regarding Crim.R. 12(J)); Hughes, supra at the syllabus (regarding App.R. 4(B))." (Emphasis sic.) State v. Metz (Nov. 20, 1995), Washington App. No. 93CA18, unreported, at 5, 1995 WL 695078.
 Further, R.C. 2945.67(A) provides the State with the limited right to appeal in any one of four enumerated types of orders granting: (1) a motion to dismiss all or part of an indictment, complaint, or information; (2) a motion to suppress evidence;[5] (3) a motion for the return of seized property; or (4) postconviction relief.[6] State v. Perroni (June 26, 1998), Lake App. No. 96-L-107, unreported, at 3, 1998 WL 553005, citing State v. Fisher (1988), 35 Ohio St.3d 22, 24-25. The State may also appeal "any other decision" of the trial court but only if it first obtains leave to do so from the court of appeals. R.C. 2945.67(A).[7]
Another category of State appeals are those from the final verdict, which the statute flatly forbids. Id. Here, however, the State is not attempting to challenge the guilty verdict or the sentence imposed on Kole by the trial court. Instead, the context of the assignment of error leads us to conclude the State seeks to appeal only the trial court's use of a particular jury instruction.
In Metz the Fourth Appellate District was faced with the issue of noncompliance with R.C. 2945.67.[8] There, the State was appealing general evidentiary rulings made during trial, and it argued that although it never sought leave of court to bring its cross appeal under to R.C. 2945.67(A), its notice of cross appeal was still timely and properly filed under App.R. 3 and 4. Upon consideration, the court rejected this argument holding that none of the rulings sought to be appealed by the State fell within the four categories of R.C. 2945.67(A) for which the State may appeal of right. Therefore, the State could only bring its cross appeal if it sought leave from the court of appeals. Failure to do so divested the appellate court of jurisdiction and required the cross appeal to be dismissed. Metz
at 4-5. For the reasons stated below, we concur with the reasoning and outcome reached by the Fourth Appellate District.
In the instant matter, there is no question that the issue addressed by the cross appeal is one for which the State was required to seek leave of this court to appeal. The decision at issue here, the trial court overruling the prosecutor's objection to a jury instruction, does not fall into any of the four categories enumerated in R.C. 2945.67(A) for which the State may appeal of right. Rather, the trial court's ruling falls under the "any other decision" category of R.C. 2945.67(A). In order to appeal that decision, the State "must first seek our leave * * * which include filing an application for our leave under what is now App.R. 5(B)." Perroni at 3.
 "A motion for leave to appeal is a necessary prerequisite under R.C. 2945.67(A) for the state's right of appeal to attach. Any failure to follow this directive deprives the appellate court of jurisdiction and requires that such appeal be dismissed. See generally State v. Wallace (1975), 43 Ohio St.2d 1." Metz at 5.
 Since the State has not sought leave from this court to appeal, it has not properly invoked our jurisdiction. The failure to take this action is fatal and consequently, the cross appeal must be dismissed. Further, it is irrelevant that the State raises its argument in a cross appeal rather than in an appeal per se. We reject the State's argument that its cross appeal has been properly prosecuted under App.R. 3(C)(1) and 4(B)(1), notwithstanding its failure to comply with R.C. 2945.67(A). The State may appeal in a criminal case only when it has complied with that statute. Metz at 5.
Finally, we decline to render an advisory opinion regarding the appropriateness of the jury instruction given by the trial court as this court decides only actual cases and controversies and cannot give advisory opinions. State v. Saylor (1998),125 Ohio App.3d 636, 642. This is not a situation where an issue has become moot but is capable of repetition. Instead, this is a situation where we have no jurisdiction.
Based on the foregoing analysis, the State's cross appeal is dismissed for lack of jurisdiction.
[1] App.R. 5(B) states:
 "When leave is sought by the prosecution from the court of appeals to appeal a judgment or order of the trial court, a motion for leave to appeal shall be filed with the court of appeals within thirty days from the entry of the judgment and order sought to be appealed and shall set forth the errors that the movant claims occurred in the proceedings of the trial court. The motion shall be accompanied by affidavits, or by the parts of the record upon which the movant relies, to show the probability that the errors claimed did in fact occur, and by a brief or memorandum of law in support of the movant's claims. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App.R. 3 and file a copy of the notice of appeal in the court of appeals. The movant also shall furnish a copy of the motion and a copy of the notice of appeal to the clerk of the court of appeals who shall serve the notice of appeal and a copy of the motion for leave to appeal upon the attorney for the defendant who, within thirty days from the filing of the motion, may file affidavits, parts of the record, and brief or memorandum of law to refute the claims of the movant."
[2] App.R. 3(C) concerns cross appeals and states the following:
 "(1) Cross appeal required. A person who intends to defend a judgment or order against an appeal taken by an appellant and who also seeks to change the judgment or order or, in the event the judgment or order may be reversed or modified, an interlocutory ruling merged into the judgment or order, shall file a notice of cross appeal within the time allowed by App.R. 4."
[3] App.R. 4(B) provides in pertinent part:
 "(1) Multiple or cross appeals. If a notice of appeal is timely filed by a party, another party may file a notice of appeal within the appeal time period otherwise prescribed by this rule or within ten days of the filing of the first notice of appeal."
[4] As indicated, the trial court's judgment entry of sentence was dated March 15, 1999. Kole's notice of appeal was filed on April 9, 1999 while the State filed its notice of cross appeal on April 19, 1999.
[5] In State v. Malinovsky (1991), 60 Ohio St.3d 20, 23, the Supreme Court of Ohio recognized the State's right to file mid-trial appeals from adverse evidentiary rulings under Crim.R. 12(J).
[6] This statute states in relevant part:
 "(A) A prosecuting attorney, village solicitor, city director of law, or the attorney general may appeal as a matter of right any decision of a trial court in a criminal case, or any decision of a juvenile court in a delinquency case, which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief pursuant to sections 2953.21 to 2953.24 of the Revised Code, and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case or of the juvenile court in a delinquency case. In addition to any other right to appeal under this section or any other provision of law, a prosecuting attorney, city director of law, village solicitor, or similar chief legal officer of a municipal corporation, or the attorney general may appeal, in accordance with section 2953.08 of the Revised Code, a sentence imposed upon a person who is convicted of or pleads guilty to a felony." (Emphasis added.)
[7] As the Supreme Court of Ohio noted, Crim.R. 12(J) does not provide the State with an unfettered right to appeal. Rather, under Crim.R. 12(J), the State must certify that (1) the appeal is not taken for purpose of delay; and (2) the ruling destroys the State's case. Malinovsky at 23.
[8] In Metz, the State filed its cross appeal after the defendant was sentenced thereby distinguishing itself fromMalinovsky.