OPINION
(Joseph), Ret., Appellant, the State of Ohio, appeals a decision of the Ashtabula County Court of Common Pleas granting a Crim.R. 29 motion for acquittal made by appellee, Luis DeJesus, at the close of the state's case during his jury trial in which he faced one count of intimidation, in violation of R.C. 2921.04, a felony of the third degree.
On the afternoon of March 6, 1999, appellee went to the home of Awilda Vega and her family in the City of Geneva, Ohio. Awilda lived with her father, Eloy Vega, her brother, Edgardo Vega, and her son Wilberto Sanchez. Awilda admitted that she and others were selling cocaine from her residence. Upon his arrival, appellee was greeted at the door by Eloy Vega. According to Eloy, appellee asked if Awilda was home. Eloy indicated that she was not present. Appellee then told Eloy that the family had one month to move from the home or he would return and kill all of the family. Appellee then left the residence.
The Geneva Police were summoned, which resulted in appellee being arrested and charged with intimidation. After being advised of hisMiranda rights, appellee was indicted by the Ashtabula County Grand Jury on one count of intimidating a witness, namely Awilda Vega, who was scheduled to testify against appellee's brother, Julio DeJesus, in a drug trafficking case in Cleveland, Ohio. The visit to the Vega residence occurred eight days after the arrest of Julio DeJesus, which was due in part to Awilda Vega, who had been acting as a confidential informant for the police. On May 10, 1999, appellee entered a plea of not guilty. The matter proceeded to a jury trial commencing August 17, 1999. After the state rested, appellee filed a motion for acquittal pursuant to Crim.R. 29. The trial court granted the motion and dismissed the charge against appellee.
Appellant timely filed a notice of appeal and has now set forth a single assignment of error:
 "The trial court erred by granting defendant-appellee's motion for acquittal pursuant to Crim.R. 29."
In the sole assignment of error, the State of Ohio contends that the trial court erred in granting appellee's motion for acquittal. However, before we may address the state's assignment of error, we must first consider whether or not we have jurisdiction.
We begin with the premise that, originally, the state did not have a right to appeal decisions in criminal cases. That changed with the enactment of R.C. 2945.67 which was intended to balance the disparity between a defendant's right to appeal and the state's inability to appeal. State v. Kole (Sept. 29, 2000), Ashtabula App. No. 99-A-0015, unreported, at 6. R.C. 2945.67(A) provides the state with the limited right to appeal from four different types of orders: (1) a motion to dismiss all or part of an indictment, complaint, or information; (2) a motion to suppress evidence; (3) a motion for the return of seized property; or (4) postconviction relief. Additionally, in State v.Malinovsky (1991), 60 Ohio St.3d 20, 23, the Supreme Court of Ohio recognized the state's right to file mid-trial appeals from adverse evidentiary rulings under Crim.R. 12(J). The state may also appeal any other decision of the trial court but only if it first obtains leave to do so from the appellate court. The state may not, however, appeal from a final verdict.
The granting of a motion for acquittal made pursuant to Crim.R. 29 simply does not fall into the category of cases under R.C. 2945.67(A) where the state can appeal as a matter of right. Rather, it falls into the "any other decision" category of that statute. Thus, in order to appeal the granting of the motion for acquittal, the state needed to first seek leave to appeal under App.R. 5(B). The state failed to do so and, thus, it has not properly invoked our jurisdiction.
Based upon this analysis, the state's appeal is hereby dismissed for lack of jurisdiction.
 ___________________________________ JUDGE JOSEPH E. MAHONEY,
Ret., Eleventh Appellate District, sitting by assignment.
FORD, P.J., CHRISTLEY, J., concur.