This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant Troy R. Stuart appeals the order of the Summit County Court of Common Pleas convicting him of two counts of rape and one count of gross sexual imposition. This Court affirms.
 I.
The Summit County Grand Jury indicted Troy R. Stuart on two counts of rape, in violation of R.C. 2907.02(A)(1)(b); and one count of gross sexual imposition, in violation of R.C. 2907.05(A)(4). Troy's nephew, a five year-old child ("the child"), was the victim of Troy's alleged sexual abuse. Stuart pled not guilty, and the matter proceeded to trial.
At the close of the trial, the jury found Stuart guilty as charged. The trial court sentenced Stuart to life imprisonment on each of the two counts of rape, and to one year on the one count of gross sexual imposition, and ordered the sentences to be served concurrently.
Stuart timely appeals, alleging seven assignments of error.
 II. FIRST ASSIGNMENT OF ERROR
 EACH OF THE GUILTY VERDICTS IN THE INSTANT CASE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AT TRIAL HEREIN, AND ACCORDINGLY IN VIOLATION OF DEFENDANT'S RIGHTS AS GUARANTEED TO HIM BY THE FOURTEENTH AMENDMENT TO THE [UNITED STATES] CONSTITUTION.
 SECOND ASSIGNMENT OF ERROR
 DEFENDANT'S CONVICTIONS HEREIN ARE BASED ON INSUFFICIENT EVIDENCE, AND SHOULD THEREFORE BE REVERSED, AND FINAL JUDGMENT ENTERED FOR DEFENDANT. THESE CONVICTIONS, NOT SUPPORTED BY SUFFICIENT EVIDENCE, ARE IN VIOLATION OF DEFENDANT'S RIGHT TO DUE PROCESS AS GUARANTEED TO HIM BY THE FOURTEENTH AMENDMENT TO THE [UNITED STATES] CONSTITUTION.
The foregoing assignments of error are reviewed together as they raise similar issues of law and fact.
In his first and second assignments of error, Stuart argues that his convictions for two counts of rape and one count of gross sexual imposition are against the manifest weight of the evidence and are not supported by sufficient evidence. This Court disagrees.
 Standards of Review
As a preliminary matter, this Court notes that sufficiency of the evidence produced by the state and weight of the evidence adduced at trial are legally distinct issues. State v. Thompkins (1997),78 Ohio St.3d 380, 386. In conducting a sufficiency of the evidence review, all evidence must be construed in a light most favorable to the prosecution. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. "In essence, sufficiency is a test of adequacy." Id. at 386. "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight
challenge questions whether the state has met its burden of persuasion."State v. Gulley (Mar. 15, 2000), Summit App. No. 19600, unreported, citing Thompkins, supra, at 390 (Cook, J., concurring). When a defendant asserts that his conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest
miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant.Id.
 Rape
Stuart was convicted of two counts of rape. Rape is proscribed by R.C. 2907.02(A)(1)(b), which provides:
 (A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:
* * *
 The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.
 The definition of "sexual conduct" includes fellatio. R.C. 2907.01(A).
In the instant case, the child victim disclosed two instances of rape to several responsible adults. The child's father, Lorin Stuart, learned from his sister that the child was improperly touching himself. The child stated that he touched himself because Troy Stuart did it. Lorin asked the child about what had happened with Troy. The child then disclosed to Lorin and the child's mother, Lisa Stuart, that Troy was putting his mouth on the child's penis, and that the child was putting his mouth on Troy's penis. The child also repeated the disclosure to Detective Terra Johnstonbaugh of the Springfield Township Police Department and to his cousin, Cindy Hailey.
Det. Johnstonbaugh obtained a search warrant for Troy's residence. Det. Johnstonbaugh discovered a drawing of two stick figures, an adult and a child, each depicted with a penis and testicles.
After the allegations came to light, Lisa happened to see Troy, who told her that "I have my monsters, too." After Troy was arrested Lorin and his father searched Troy's residence and found a letter written by Troy. Lorin testified that the letter stated "I have monsters, too. * * * I prey upon kids because they don't hurt me."
This Court concludes that Stuart's two convictions for rape were supported by sufficient evidence and by the manifest weight of the evidence.
 Gross Sexual Imposition
Stuart was convicted of one count of gross sexual imposition, in violation of R.C. 2907.05(A)(4), which provides:
 No person shall have sexual contact with another * * * when any of the following applies:
* * *
 (4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person.
 "Sexual contact" means the touching of the erogenous zone of another including the genitals and pubic region. R.C. 2907.01(B).
In the instant case the child disclosed to his mother Lisa that Troy played with the child's penis. Based also on the additional facts set forth in the analysis of the rape convictions, this Court concludes that Stuart's conviction for gross sexual imposition was supported by sufficient evidence and by the manifest weight of the evidence.
Troy's first and second assignments of error are overruled.
THIRD ASSIGNMENT OF ERROR
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY DENYING DEFENDANT-APPELLANT'S PRETRIAL MOTION AND REQUEST TO EXCLUDE OUT-OF-COURT STATEMENTS BY THE ALLEGED VICTIM FROM BEING INTRODUCED THROUGH THE TESTIMONY OF OTHER WITNESSES, IN VIOLATION OF EVID.R. 807 AND OF EVID.R. 802, AND BY ALLOWING SUCH HEARSAY TESTIMONY TO BE INTRODUCED BY THE STATE, OVER OBJECTION, AT TRIAL, IN VIOLATION OF DEFENDANT'S RIGHTS AS GUARANTEED TO HIM BY THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE [UNITED STATES] CONSTITUTION; THE TRIAL COURT COMMITTED FURTHER PREJUDICIAL ERROR BY FAILING TO RE-INTERVIEW THE ALLEGED VICTIM ON THE RECORD IMMEDIATELY PRIOR TO, OR DURING TRIAL, TO ESTABLISH WHETHER THE ALLEGED VICTIM WAS THEN ABLE TO TESTIFY CONCERNING THE ALLEGATIONS.
In his third assignment of error, Stuart claims that that the trial court improperly admitted the child's out-of-court statements in trial pursuant to Evid.R. 807. This Court disagrees.
"The admission or exclusion of relevant evidence rests within the sound discretion of the trial court." State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. An abuse of discretion is more than an error of law or judgment, but rather demonstrates a "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. In conducting an abuse of discretion review, an appellate court may not substitute its judgment for that of the trial court. Id.
Evid.R. 807 permits the admission of out-of-court statements made by a child under twelve years of age describing sexual or physical abuse as an exception to the rule against hearsay upon the satisfaction of four conditions: (1) The court finds that the under the totality of the circumstances the statements bear particularized guarantees of trustworthiness bearing demonstrable indicia of reliability; (2) The child's testimony is not reasonably obtainable by the proponent of the statement; (3) There is independent proof of the sexual act; (4) At least ten days before the trial or hearing a proponent of the statement has notified the other party of the content of the statement, the time and place the statement was made, the identity of the witness who is to testify about the statement, and the circumstances surrounding the statement that indicate its trustworthiness.
Before admitting evidence under this rule, the trial court must hold a hearing and must find on the record that each of the four requirements of Evid.R. 807(A) have been satisfied, accompanied with the bases for such findings. Evid.R. 807(C); State v. Said (1994), 71 Ohio St.3d 473, 477.
 Particularized Guarantees of Trustworthiness
As a threshold matter, the trial court must determine whether the circumstances demonstrate that there are particularized guarantees that the child's statement is trustworthy. This Court's analysis is informed by consideration of,
 spontaneity, the internal consistency of the statement, the mental state of the child, the child's motive or lack of motive to fabricate, the child's use of terminology unexpected of a child of similar age, the means by which the statement was elicited, and the lapse of time between the act and the statement.
Evid.R. 807(A)(1). In determining the trustworthiness of a statement, independent evidence of a sexual act cannot be used to bolster the statement because such evidence is not to be considered as part of the analysis. Id.
In the instant case the child made the statements to his parents Lorin and Lisa Stuart, his cousin, Cindy Hailey, his aunt, Susan Burgess, and Det. Johnstonbaugh. The child disclosed how Troy touched and put his mouth on his "pee-pee," and how Troy compelled the child to touch and put his mouth on Troy's penis. The child indicated that he liked "Uncle Troy" when he was not made to touch Troy or when Troy did not touch him. The child's parents enjoyed previously good relations with Troy, and had entrusted him to care for the child prior to the disclosures. There is nothing in the record that reflects a motive to lie. Moreover, the explicit sexual nature of the child's disclosure (especially considering he was five years-old) is demonstrative of the trustworthiness of the statement. Lastly, the child's disclosures bear some spontaneity. The disclosures came after the child's aunt asked why he was improperly touching himself, and the child replied because Troy "does it." Accordingly, this Court concludes that there was sufficient indicia of trustworthiness to support the trial court's findings.
 Testimony Not Reasonably Obtainable
A trial court must also determine whether a child's testimony is "not reasonably obtainable by the proponent of the statement." Evid.R. 807(A)(2). In State v. Robertson (Feb. 2, 2000), Summit App. No. 19072, unreported, this Court held that a child victim who was uncooperative when asked questions during a pre-trial hearing was properly determined to be "unavailable" for trial by the trial court. Likewise in the instant case, the child would not answer specific questions about the sexual abuse he suffered during a pre-trial hearing. Accordingly, the trial court properly concluded that the child was unavailable for trial.
 Independent Proof
The third requirement of Evid.R. 807 is that the proponent demonstrate independent proof of the sexual act. On this point, the state improperly engages in some sleight of hand by attempting to buttress the trial court's pre-trial ruling with testimony from the trial itself. This Court then looks solely to the four corners of the 807 hearing in conducting its review of whether the proponent set forth independent proof of the sexual acts.
In the instant case, the child's aunt, Susan Burgess, and his cousin, Cindy Hailey, observed the child improperly touching himself. When admonished to stop, the child replied that "Uncle Troy does." The child frequently wet his bed, and refused to sleep in his bed (the situs of the sexual abuse). The child's father, Lorin Stuart, and the child's grandfather found a letter in Troy's residence in which Troy stated "I've got monsters, too. * * * I prey upon kids because they don't hurt me." Troy's letter constitutes a de facto confession, which is independently probative of the sexual abuse suffered by the child. See Evid.R. 807(A)(3); State v. Robertson (Feb. 2, 2000), Summit App. No. 19072, unreported, citing In re Bright (July 31, 1995), Clinton App. No. CA94-10-027, unreported. Taken together, the foregoing constitutes independent proof of the sexual acts suffered by the child.
 Notice of Intent to Use Statements
The final requirement is that the state must notify the opposing party at least ten days before the hearing. Evid.R. 807(A)(4). To be effective, the notice must include the content of the statement, the time and place the statement was made, the identity of the witness who is to testify regarding the statement, and the circumstances that demonstrate its trustworthiness. Id.
In the instant case, the state served its notice on February 4, 2000. The hearing was held on February 17, 2000. The notice adequately outlined the testimony taken at the 807 hearing. The fourth requirement of Evid.R. 807(A) was satisfied in the case at bar.
 "Trusted Person"
Lastly, Stuart argues in his brief that there was no "trusted person" present during the child's pre-trial testimony. See Evid.R. 807(B)(1). However, at trial, it was counsel for Stuart who hectored the trial court into barring the child's parent from the courtroom. The trial court noted on the record that counsel "threw a fit and demanded that nobody be here. We did have a parent here with him in the beginning and you particularly would not have that."
The doctrine of invited error halts Stuart's attempt on appeal. Under that doctrine, "a party will not be permitted to take advantage of an error which he himself invited or induced the court to make." State v.Brintzenhofe (May 12, 1999), Summit App. No. 18924, unreported, quotingLester v. Leuck (1943), 142 Ohio St. 91, paragraph one of the syllabus. Stuart cannot now benefit from his demand that the child's "trusted person(s)" be removed from the courtroom during the child's pre-trial testimony.
 Summary
The record before this Court supports the trial court's findings that the child's statements were admissible through the testimony of the other witnesses presented under Evid.R. 807. This Court cannot say that the trial court's ruling constituted an abuse of discretion. The third assignment of error is overruled.
FOURTH ASSIGNMENT OF ERROR
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ALLOWING, OVER OBJECTION, STATE'S EXHIBIT 3, A HANDWRITING SAMPLE OF DEFENDANT, INTO EVIDENCE.
 FIFTH ASSIGNMENT OF ERROR
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ALLOWING, OVER OBJECTION, STATE'S EXHIBIT 4 INTO EVIDENCE, IN VIOLATION OF DEFENDANT'S RIGHTS AS GUARANTEED TO HIM BY THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE [UNITED STATES] CONSTITUTION.
The foregoing assignments of error are reviewed together as they raise similar issues of law.
In his fourth assignment of error, Stuart claims that the trial court erred when it admitted his handwriting sample into evidence. In his fifth assignment of error, Stuart argues that a drawing found in his residence of an adult and child stick figure each depicted with a penis and testicles was improperly admitted at trial. This Court disagrees.
As set forth above, the standard of review regarding the trial court's admission of evidence is a familiar one. "The admission or exclusion of relevant evidence rests within the sound discretion of the trial court." Sage, supra, at paragraph two of the syllabus. An abuse of discretion is more than an error of law or judgment, but rather demonstrates a "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons, supra, at 621. In conducting an abuse of discretion review, an appellate court may not substitute its judgment for that of the trial court. Id.
Evid.R. 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."
Turning first to the handwriting sample, the trial court properly admitted the exhibit. Specifically, the exhibit was a handwritten letter by Troy to Lorin Stuart offered to show that Troy prints when he writes, that Troy regularly memorializes his thoughts by writing, and that Troy misspells several words. All of these considerations corroborate the testimony of Lorin Stuart and his discovery of a de facto confession letter written by Troy. Accordingly, this Court cannot say that the trial court abused its discretion in admitting the letter as relevant evidence.
As for the drawing found at Troy's house of a man and child each depicting a penis and testicles, the exhibit was probative of Troy's view of children as sexual objects, and indeed may even be intended to actually depict Troy and the child. This exhibit was appropriately regarded as relevant by the trial court considering Troy was on trial for acts of sexual abuse committed against a child. See Evid.R. 401. Therefore, the trial court did not abuse its discretion in admitting the exhibit.
The fourth and fifth assignments of error are overruled.
SIXTH ASSIGNMENT OF ERROR
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ALLOWING A STATE'S WITNESS, LORIN STUART, TO TESTIFY OVER DEFENDANT-APPELLANT'S OBJECTION, CONCERNING THE CONTENTS OF A LETTER DEFENDANT HAD ALLEGEDLY WRITTEN, WHICH LETTER COULD NOT BE PRODUCED BY THE STATE, IN VIOLATION OF DEFENDANT-APPELLANT'S RIGHTS AS GUARANTEED TO HIM BY THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE [UNITED STATES] CONSTITUTION.
In his sixth assignment of error, Stuart argues that the trial court erred when it allowed Lorin Stuart to testify as to the contents of a letter he found at Troy's residence. Stuart's argument is without merit.
The exhibit in question is a letter found by the child's father, Lorin Stuart, at Troy's residence, and written in Troy's hand, which contained inculpatory statements such as "I have monsters, too. * * * I prey upon kids because they don't hurt me." In addition to Lorin Stuart, the child's grandfather saw the letter. The letter was lost before trial. At trial, Lorin Stuart was permitted to testify as to the contents of the letter he discovered from his memory.
Evid.R. 1002 requires that to prove the contents of a writing, the original is required "except as otherwise provided in these rules or by statute[.]" However, Evid.R. 1004 provides that "[t]he original is not required, and other evidence of the contents of a writing * * * is admissible if: (1) Originals lost or destroyed. All originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith[.]" The Staff Note to Evid.R. 1004 states "[i]t has long been the case law of Ohio that any other evidence of content is admissible when the original is lost or destroyed." (Emphasis added.) (Citations omitted.) Direct testimony as to the content of a writing is appropriate when the original is lost or destroyed. See Nugent v. Himmelhaver (Jan. 15, 1986), Hamilton App. No. C-850031, unreported; BancOhio Nat'l. Bank v. Cousins (May 31, 1984), Franklin App. No. 83AP-937, unreported.
In the instant case, there was unequivocal testimony that the letter written by Troy and discovered by Lorin Stuart was lost. As a result of the loss any evidence of content was admissible at trial. Here, the evidence of the letter's content was the direct testimony of Lorin Stuart, which is in harmony with Evid.R. 1004. See, also, Nugent, and BancOhio Nat'l. Bank, supra.
Stuart next argues, in a lone sentence without any accompanying authority, that the contents of the letter "are inadmissible hearsay, pursuant to Evid.R. 802." However, Stuart's argument fails under Evid.R. 801(D)(2), which states that an admission by a party-opponent is not hearsay.
Lastly, Stuart argues that the testimony about the letter should have been excluded because it was prejudicial. Evid.R. 403(A) governs the exclusion of relevant evidence on grounds of prejudice, which provides: "[a]lthough relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice[.]" However, as discussed above, the contents of the letter constitute a de facto confession of the crime, and are highly probative of Stuart's guilt. Accordingly, this Court concludes that the high probative value of the evidence is not outweighed by the danger of unfair prejudice.
This Court cannot conclude that the trial court abused its discretion in admitting Lorin Stuart's testimony regarding Troy's letter. Sage, supra. Accordingly, the sixth assignment of error is overruled.
SEVENTH ASSIGNMENT OF ERROR
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY DENYING DEFENDANT'S REQUEST TO CALL DYLAN STUART, A MINOR CHILD, AS A DEFENSE WITNESS, IN VIOLATION OF DEFENDANT'S RIGHTS AS GUARANTEED TO HIM BY THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE [UNITED STATES] CONSTITUTION.
In his seventh assignment of error, Stuart claims the trial court erred when it declined his request to call the child victim as a defense witness and conduct another voir dire of the victim after the trial had commenced. This claim is without merit.
As discussed infra in the second assignment of error, under Evid.R. 807 the trial court is charged with making a four part finding, among which is that the "child's testimony is not obtainable by the proponent of the statement." Evid.R. 807(A)(2). Considering that Evid.R. 807 presents a hearsay exception rendering the child's statements made to others admissible at trial upon satisfaction of the four part test discussed above, a child is quite clearly not available to be called as a witness at trial. The Ohio Supreme Court squarely addressed and endorsed the determination of the child declarant's availability at the pre-trial stage:
 We hold that the determination of a child declarant's availability is best made at a pretrial proceeding. Evid.R. 807 contemplates that a pretrial hearing will be conducted at which time the ability of the child to testify should be addressed and an initial determination as to the admissibility of the child's statements should be made. This would allow both parties to prepare for trial in accordance with the trial court's ruling. A pretrial hearing would also permit an interlocutory appeal if the trial court's ruling on the child's availability and/or the admissibility of the child's extrajudicial statements so hinders the state's evidence that the state cannot proceed with its case. See State v. Malinovsky (1991), 60 Ohio St.3d 20.
 State v. Storch (1993), 66 Ohio St.3d 280, 293. This Court construes Evid.R. 807 to mean that when a child's testimony is determined to not be reasonably obtainable at trial, the child declarant may not be called to undergo a redundant voir dire or as a witness at trial. A contrary construction is one that would effectively swallow up Evid.R. 807, disregard the procedural pre-trial regime of Evid.R. 807, disrupt the proceedings of the trial, unnecessarily subject child victims to a crucible of defense counsel questions even though the child has already demonstrated a refusal to answer questions, and defy Ohio Supreme Court precedent. See Storch, supra, at paragraph two of the syllabus. Accordingly, the trial court properly construed Evid.R. 807 in denying Stuart's request to call the victim to testify at trial.
Having concluded that, as a matter of law, Evid.R. 807 does not permit a child to be called as a witness after a trial court has found the child's testimony to be not reasonably obtainable, this Court next turns to Stuart's summary argument that he was denied his right to confrontation at trial. Specifically, the trial court denied Stuart's request to call the child victim to the stand during the trial. This question has been settled for over seven years.
"Evid.R. 807 accords with the right of confrontation guaranteed by both Section 10, Article I of the Ohio Constitution and the Sixth Amendment to the Constitution of the United States." Storch, supra, at paragraph one of the syllabus. Therefore, Stuart's confrontation clause argument is without merit.
Accordingly, the seventh assignment of error is overruled.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
DONNA J. CARR, BAIRD, P.J., SLABY, J. CONCUR.