[Cite as *State v. Nixon*, 2017-Ohio-8.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P. J. |
| Plaintiff-Appellant | Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2016 CA 0008 |
| GERALD S. NIXON, JR. | |
| Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal Appeal from the Court of Common
                             Pleas, Case No.  2015 CR 0621D


JUDGMENT:                     Dismissed


DATE OF JUDGMENT ENTRY:       January 3, 2017


APPEARANCES:

For Plaintiff-Appellant                  For Defendant-Appellee

BAMBI COUCH PAGE                         JOSEPH R. LANDUSKY, II
PROSECUTING ATTORNEY                     901 South High Street
DANIEL M. ROGERS                         Columbus, Ohio  43206
ASSISTANT PROSECUTOR
38 South Park Street
Mansfield, Ohio  44902

*Wise, P. J.*

{¶1} Appellant State of Ohio appeals the decision of the Court of Common Pleas, Richland County, denying its oral motion during trial to utilize the prior inconsistent statements of a prosecution witness. Appellee Gerald S. Nixon, Jr. is the defendant in the case. The relevant facts leading to this appeal are as follows.

{¶2} At about 3:00 AM on May 19, 2015, Aaron Freeman drove to a residence on Johns Avenue in Mansfield, Ohio, purportedly to drop off his brother and his cousin. After these two passengers went into the house, Freeman stood outside of his truck for a time, and then went into the house as well. At some point, a fight developed inside, resulting in Freeman being shot in the left arm after he ran back out of the house.

{¶3} Appellee Nixon was thereafter arrested and charged for his involvement in the shooting. Following a preliminary hearing on July 8, 2015 in the Mansfield Municipal Court, the case was bound over to the Richland County Grand Jury.

{¶4} On July 29, 2015, Appellee Nixon was indicted under case number 2015-CR-0621D on two counts of felonious assault (felonies of the second degree), one count of attempted murder (felony of the first degree), and one count of having weapons under a disability (felony of the third degree).

{¶5} After several continuances, the case was set for a jury trial on January 14, 2016. However, on January 11, 2016, the State dismissed the first three counts of the indictment. The trial thus went forward against Appellee Nixon on the sole count of having weapons under a disability.

{¶6} According to the State, between the date of the shooting and the date of trial, Freeman, the shooting victim, had made several statements about appellee's

involvement. Specifically, on May 19, May 20, June 2, and September 30, 2015, Freeman provided recorded statements to the Mansfield Police Department identifying appellee as the man who had shot him in the arm. Furthermore, Freeman told officers in a recorded statement on September 30, 2015 that appellee had offered him $20,000.00 not to testify about the shooting. Freeman again advised the State approximately a week before trial that appellee was the shooter. Freeman also provided the shooter's identity at the preliminary hearing of July 8, 2015.

{¶7} Nonetheless, on January 15, 2016, during the second day of appellee's trial on the weapons charge, Freeman unexpectedly testified that he could not remember the details of the May 19, 2015 incident or what he had told police. Freeman testified that before he had been shot, he "was seeing like bullets being fired." Tr. at 15. But he stated before the jury that he could not recall seeing anyone with a gun that night. *Id.* The prosecutor thereupon started to ask Freeman about his prior statements to Mansfield police officers. At that point, the trial court interrupted and sent the jury out of the courtroom. *See* Tr. at 16. The prosecutor was then given the opportunity to question Freeman in the jury's absence. Freeman told the court *inter alia* that it was "very hard for me to remember such a painful time." Tr. at 20. Finally, the trial court concluded that Freeman was not likely to "confess to us the reason for his lapse of memory" and that the continued questioning of Freeman outside the jury would be unproductive. Tr. at 32, 33. Although the trial court had determined that the State had been surprised by Freeman's inconsistent testimony, the court stated that the State would not be permitted to question Freeman about his earlier statements to MPD and his prior preliminary hearing testimony at Mansfield Municipal Court. Tr. at 38. The prosecutor thereupon advised the trial court

that given the aforesaid evidentiary ruling, it could not proceed on its case. *Id.* After extensive discussion with both counsel on the record, the court declared a mistrial in an attempt to facilitate the State's appeal. Tr. at 63-64.

{¶8} The trial court issued a written "Order for Mistrial" on February 1, 2016.[1] On February 6, 2016, the State of Ohio filed a notice of appeal. On February 19, 2016, appellee filed a notice of cross-appeal; however, appellee subsequently requested a voluntary dismissal of same, which we granted on September 20, 2016.

{¶9} On March 16, 2016, the State filed a Crim.R. 12(K) certification and a motion for leave to file the Crim.R. 12(K) certification *instanter*. On March 25, 2016, we granted the State's motion for leave.

{¶10} The State herein raises the following sole Assignment of Error:

{¶11} "THE TRIAL COURT ERRED WHEN IT OVERRULED THE STATE'S REQUEST TO INTRODUCE MR. FREEMAN'S PRIOR RECORD STATEMENTS AND PRIOR TESTIMONY INTO EVIDENCE DURING APPELLEE'S TRIAL."

I.

{¶12} In its sole Assignment of Error, the State of Ohio contends the trial court erred in disallowing the prior statements and/or testimony of the shooting victim and main prosecution witness, Aaron Freeman.

{¶13} The present appeal is in essence a mid-trial evidentiary challenge brought by the State. In *State v. Malinovsky* (1991), 60 Ohio St.3d 20, 573 N.E.2d 22, the Ohio Supreme Court recognized that prior to the adoption of then Crim.R. 12(J) (now Crim.R.

---

[1] The State of Ohio, as the appellant herein, has failed to include or attach with its brief a copy of the judgment entry granting a mistrial. *See* Loc.App.R. 9(A). We have nonetheless reviewed the original trial court judgment entry in the record.

12(K)), the State lacked a remedy, comparable to a criminal defendant, where it had been adversely affected by an evidentiary ruling impacting its ability to effectively present its case. Thus, the adoption of Crim.R. 12(J) and enactment of R.C. 2945.67 were designed to preclude the loss of a worthy criminal case solely due to a potentially erroneous ruling by a trial court. *See In re J.P.*, 5th Dist. Licking No. 08–CA–148, 2009-Ohio-4730, ¶ 63.

**{¶14}** However, as an initial procedural matter, we are compelled to discuss the procedural import of the trial court's utilization of a mistrial following its pertinent evidentiary rulings in the case *sub judice*. We have generally recognized that a trial court may declare a mistrial where there is a manifest necessity of ordering the mistrial or where the ends of public justice would otherwise be defeated. *See State v. Brack*, 5th Dist. Stark No. 2010CA00061, 2011-Ohio-2949, ¶ 65, citing *State v. Widner* (1981), 68 Ohio St.2d 188, 189, 429 N.E.2d 1065.

**{¶15}** The transcript before us indicates that upon the trial court's oral decision to disallow Freeman's prior statements from going to the jury, the prosecutor advised the trial court that the State could therefore not proceed on its case. Tr. at 38. The trial court judge then asked if the State intended to dismiss. *Id.* A second prosecutor responded by asking if the matter could be continued pending appeal. Tr. at 39. The judge replied that he would not be able to "get the same jury back again," and he therefore would not be willing to grant such a continuance. Tr. at 39-40. After a lengthy discussion at the bench with the attorneys, the judge concluded: "I believe the ends of justice would be served by declaring a mistrial in this case." Tr. at 63.

**{¶16}** As an appellate court, we are not required to issue an advisory or merely academic ruling. *See, e.g., In re Merryman/Wilson Children,* 5th Dist. Stark Nos. 2004 CA

00056 and 2004 CA 00071, 2004–Ohio–3174, ¶ 59, citing *State v. Bistricky* (1990), 66 Ohio App.3d 395, 584 N.E.2d 75. Furthermore, " '[a]n appellate court can review only final orders, and without a final order, an appellate court has no jurisdiction.' " *State v. Anderson,* 138 Ohio St.3d 264, 2014–Ohio–542, 6 N.E.3d 23, ¶ 28, quoting *Supportive Solutions, L.L.C. v. Electronic Classroom of Tomorrow*, 137 Ohio St.3d 23, 2013–Ohio–2410, 997 N.E.2d 490, ¶ 10. A grant of a motion for mistrial has long been held not to be a final appealable order "for the basic reason that it is not a judgment or order in favor of either of the parties which gives finality to the case." *See Mack v. Gulf Oil Co., Inc.*, 10th Dist. Franklin No. 76AP-299, 1976 WL 190161, citing *Kauffman v. Schauer* (1929), 121 Ohio St. 478, 169 N.E. 566.

**{¶17}** We are cognizant of the Ohio Supreme Court's holding in *Malinovsky*, *supra*, regarding the availability of certain mid-trial appeals to the State. However, we are unable to rely upon *Malinovsky* as a means of turning a mistrial order into a final appealable order under these circumstances.

**{¶18}** We therefore will not further address the State's sole Assignment of Error.

**{¶19}** For the foregoing reasons, the appeal of the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby dismissed.

By: Wise, P. J.
Delaney, J., and
Baldwin, J., concur.

JWW/d 1219