THE STATE OF OHIO, APPELLANT, *v.* DAVIDSON, APPELLEE.

[Cite as State *v.* Davidson (1985), 17 Ohio St. 3d 132.]

(No. 84-1497—Decided May 22, 1985.)

134

*John F. Holcomb,* prosecuting attorney, *Daniel G. Eichel* and *Gerald R. Leshner,* for appellant.

*David M. Green,* for appellee.

Douglas, J. R.C. 2505.03 states that a party may only appeal from the trial court's final order. A final order is any order which, in effect, determines the action in the trial court. R.C. 2505.02. The issue in this case is whether the trial court's order granting the appellee's motion *"in limine"* was a final appealable order. We hold that it was and that it may be appealed pursuant to R.C. 2945.67 and Crim. R. 12(J).

A criminal defendant has the right to appeal from a trial court's final orders. See Note, Prosecutor Appeals: A Proposal To Revamp The Law In Ohio (1977), 4 Ohio N.U.L. Rev. 353. Historically, the prosecution has enjoyed no such right. See *United States* v. *Sanges* (1892), 144 U.S. 310, 312. This created a serious disparity between the rights of the accused, and the right of the accuser, and tipped the scales of justice too far in favor of the criminal defendant. In order to offset this imbalance, Ohio adopted R.C. 2945.67 and Crim. R. 12(J). Cf. Note, Prosecutor Appeals, *supra,* at 365-369 (dealing with federal provisions that are similar to R.C. 2945.67 and Crim. R. 12[J]).

R.C. 2945.67 deals with appeals by the state in criminal proceedings. It states, in relevant part:

"(A) A prosecutiong attorney * * * may appeal as a matter or [of] right any decision of a trial court in a criminal case * * * which decision grants * * * a motion to suppress evidence * * *."

Crim. R. 12(J) supplements and formalizes the statutory procedure. *State* v. *Buckingham* (1980), 62 Ohio St. 2d 14, 16 [16 O.O.3d 8]. It states, in relevant part:

"The state may take an appeal as of right * * * from the granting of a motion to suppress evidence if, in addition to filing a notice of appeal, the prosecuting attorney certifies that: (1) the appeal is not taken for purpose of delay; and (2) the granting of the motion has rendered the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed."

The language in both the statute and the rule speaks in terms of appealing from the granting of a "motion to suppress evidence." Appellee argues that a "motion *in limine*" designed to suppress evidence is entirely different from a "motion to suppress." We disagree. The determination of whether a motion is a "motion to suppress" or a "motion *in limine*" does not depend on what it is labeled. It depends on the type of relief it seeks to obtain. Any other result would improperly elevate form over substance, and would be unfaithful to the spirit and intent of both R.C. 2945.67 and Crim. R. 12(J). As noted above, both of these provisions were enacted to facilitate the effective prosecution of crime and to promote fairness between the accuser and the accused.

Accordingly, we hold that any motion which seeks to obtain a judgment suppressing evidence is "a motion to suppress" for purposes of R.C. 2945.67 and Crim. R. 12(J) where that motion, if granted, effectively destroys the ability of the state to prosecute. The fact that the motion is not labeled "motion to suppress" is not controlling. If the trial court grants a motion which seeks to obtain a judgment to suppress evidence, the state can appeal, provided there is full compliance with Crim. R. 12(J). *State* v. *Buckingham, supra.*

In the instant case, the trial court's order granting appellee's motion *in limine* rendered the state's proof, with respect to the pending charge, so weak in its entirety that it destroyed any reasonable possibility of effective prosecution. In fact, the trial court's order suppressed virtually all, if not all, of the prosecution's evidence. Therefore, it was a final appealable order within the meaning of R.C. 2505.02.

For the foregoing reasons, the judgment of the court of appeals is reversed and this cause is remanded to that court for further proceedings not inconsistent with this decision.

*Judgment reversed and*
*cause remanded.*

SWEENEY, LOCHER, HOLMES, C. BROWN and WRIGHT, JJ., concur.

CELEBREZZE, C.J., and C. BROWN, J., concur separately.

CELEBREZZE, C.J., concurring. I agree with the judgment and reasoning of the majority. I write additionally only to harmonize today's decision with our recent discussion of motions *in limine* contained in *State* v. *Maurer* (1984), 15 Ohio St. 3d 239.

In criminal cases, a motion *in limine* may be utilized in two different ways. As in *Maurer, supra,* it may be used as a preliminary request, directed to the inherent discretion of the trial judge, to limit the examination of witnesses in a specific area until the admissibility can be determined by the trial court. As such, a ruling on the motion is not a final order and its grant or denial cannot be appealed as error. *Id.* at 259.

Second, as in the case *sub judice,* it may be used as the equivalent of a motion to suppress. *Id.* at fn. 14. Though the motion may be captioned as one *in limine,* it is in effect a motion to suppress, and the state may nevertheless take an appeal as of right under Crim. R. 12(J) if a suppression order results.

C. Brown, J., concurs in the foregoing concurring opinion.