OPINION
The State of Ohio argues in this appeal that the trial court erred in suppressing certain evidence it desires to use to prosecute Brian Bassham for driving under the influence of alcohol. Bassham was charged with DUI and failing to yield the right-of-way. Bassham contends that the State has forfeited its right to appellate review of the suppression ruling by failing to timely appeal in accordance with Crim.R. 12(J). Bassham urges us to dismiss the appeal. The State did not file a reply brief responding to Bassham's waiver argument, but the State did respond to the waiver argument at oral argument on June 26, 2000.
Because of the unusual procedural posture of this case, we reject Bassham's waiver argument and sustain the State's assignment of error that states:
 THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT EXCLUDED EVIDENCE LEGALLY OBTAINED BY THE STATE AND NOT IN VIOLATION OF DEFENDANT'S CONSTITUTIONAL OR STATUTORY RIGHTS.
Bassham's motion to suppress was heard by the trial court's magistrate. The background facts and critical ruling are contained in her December 31, 1999 decision which reads in pertinent part as follows:
 Based upon the evidence presented, the Magistrate finds that on September 3, 1999, at approximately 1:45 a.m. Officer Topiah of the Beavercreek Police Department was proceeding northbound on Esquire Drive past Wallaby's Restaurant when a blue Cherokee 4-door pulled in front of him causing him to brake quickly. Officer Topiah proceeded to follow the Defendant in the blue Cherokee on Esquire Drive to Lakeview Road to Fairfield Road. While following the Defendant Officer Topiah did not observe any further driving infractions other than a failure to use a turn signal while turning from Esquire Drive to Lakeview Road.
 Officer Topiah then stopped the Defendant for failure to yield from a private drive. On approaching the Defendant the officer observed that the Defendant's eyes were glassy and bloodshot and he detected a slight odor of alcohol from the Defendant's breath. As a result of these observations Officer Topiah requested the Defendant to perform some field sobriety tests, to which the Defendant consented.
 The Defendant performed the horizontal gaze nystagmus test, the one-leg stand, and the walk-and-turn test. On the horizontal gaze nystagmus test the officer observed six clues, thus, failing the Defendant. However, on the one-leg stand and the walk-and-turn test, the officer only observed one clue as to each test, thus, indicating that the Defendant passed those tests. The officer then placed the Defendant under arrest for driving under the influence.
In Defendant's Motion, he argues that the officer did not have a reasonable and articulable suspicion to stop the Defendant and that the officer lacked probable cause to arrest the Defendant. The remainder of the Motion was withdrawn by the Defendant at the hearing.
The Magistrate finds that the officer had a reasonable and articulable suspicion to stop the Defendant. The standard in regard to this issue is whether the officer had a reasonable suspicion, based on articulable facts, that the driver of the vehicle is committing or has committed, a criminal offense, including a traffic offense. See, State v. Richardson
(1994), 94 Ohio App.3d 501. The Magistrate finds that Officer Topiah observed the Defendant's vehicle proceed from a private drive from Wallaby's Restaurant onto Esquire Drive requiring the officer to brake in order to prevent an accident with the Defendant's vehicle. Officer Topiah further observed the Defendant fail to utilize a turn signal when turning from Esquire Drive onto Lakeview Road. Therefore, the officer had a reasonable and articulable suspicion that the Defendant had committed the offense of a failure to yield the right of way from a private drive and a failure to utilize a turn signal., Defendant's next argument is that the officer did not have probable cause to arrest the Defendant for driving under the influence. Probable cause exists when the arresting officer has knowledge of facts or circumstances or has reasonable and trustworthy information that would warrant a reasonable, prudent person to believe that the person arrested may have committed a crime. Beck v. Ohio
(1964), 379 U.S. 89. At the time that Officer Topiah arrested the Defendant for driving under the influence he knew that the Defendant had failed to yield the right of way; that he had glassy, bloodshot eyes; that he had a slight odor of alcohol emitting from his mouth, and that the Defendant had failed the horizontal gaze nystagmus test. He also knew that the Defendant had passed the one-leg stand test and the walk-and-turn test. His observations further included that the Defendant's appearance was normal other than the glassy, bloodshot eyes and that he did not observe any further traffic infractions by the Defendant while following him in his vehicle until he stopped him. Based on the totality of the circumstances, stressing in particular that the Defendant passed the one-leg stand and the walk-and-turn test, the Magistrate finds that the officer did not have probable cause to arrest the Defendant for driving under the influence. Accordingly, theofficer's observations as well as the BAC datamaster results arehereby suppressed.
WHEREFORE, the Defendant's Motion to Suppress is hereby OVERRULED in part and GRANTED in part.
(Emphasis ours).
The State objected to the magistrate's decision, asserting that the magistrate erred in concluding that the arresting officer lacked probable cause to arrest Bassham for DUI. The trial court overruled the objection February 1, 2000, concluding as follows:
 The Court affirms and adopts the Decision in its entirety and makes it an ORDER of this Court.
WHEREFORE, the defendant's Motion to Suppress is DENIED in part and GRANTED in part. The officer'sobservations and the results of the BAC datamaster arehereby suppressed. This matter shall be set forthwith for trial.
SO ORDERED.
(Emphasis ours).
On March 6, 2000, the State filed a motion "for clarification" which stated:
 Now comes the City of Beavercreek, by and through the Beavercreek Prosecuting Attorney, and hereby respectfully requests that this Court issue a clarification of the Court's Decision and Judgment Entry filed February 1, 2000 and the Traffic Magistrate's Decision filed on December 21, 1999 in the above captioned matter. The clarification requested is what observations of the arresting officer have been suppressed. It appears from the two decisions that the Magistrate and Court found that the officer had reasonable articulable suspension to stop the Defendant and place him through field sobriety tests. The Magistrate then found and the Court affirmed that the officer did not have probable cause to make the arrest of the Defendant. Obviously based on those decisions, the observations after the arrest and the results of the BAC test are suppressed. However, the Magistrate's Decision and the Court's Judgment entry does not specifically indicate that the observations prior to the stop and after the stop but prior to the arrest were not suppressed. Clearly the law in Ohio would indicate that the observations of the officer prior to the stop and prior to the arrest are all admissible evidence at trial. Therefore, the City respectfully requests for an order clarifying the Traffic Magistrate's Decision and the Court's Decision and Judgment Entry.
On March 15, 2000, the trial court responded to the motion for clarification with a judgment entry:
 On February 1, 2000 the Court journalized a Decision and Judgment Entry, finding that the arresting officer in this case did not have probable cause to arrest the defendant for driving under the influence of alcohol, and suppressing the "officer's observations" and the results of the BAC datamaster.
 On March 6, 2000 the prosecuting attorney filed a motion for clarification requesting a clarification of exactly what observations had been suppressed.
 The parties agree that the officer's observations of the defendant prior to the stop would be admissible at trial. The parties further agree that the officer's observations following the arrest are suppressed. What is at issue is whether or not the officer's observations made of the defendant from the time of the stop to the time of arrest should be suppressed. The Court clarified on the record on March 8, 2000 that its February 1, 2000 entry also suppressed those observations. The Court found in its Decision and Judgment Entry of February 1, 2000 that the officer had no probable cause to arrest the defendant for driving under the influence of alcohol. If no arrest should have been made, the observations leading up to the arrest should not be brought up again at trial since that would make the entire hearing on the motion to suppress superfluous. There is only one witness who can testify as to the actions of the defendant from the time of the stop to that of the arrest, that being the arresting officer, Officer Topiah. The Court has already heard his testimony and did not find the evidence to meet the lesser burden for probable cause, let alone the very high standard of beyond a reasonable doubt. Therefore, it is extremely doubtful that such testimony would survive a Rule 29 motion at trial. The prosecutor suggests that the officer may testify in a different manner before a jury than he would before the trial court during a hearing on a motion to suppress. While the prosecutor may put a different spin on his questions, one cannot get around the facts, and those facts are that the defendant "passed" two out of three of the field sobriety tests. It also does not mean that the State should have another bite of the apple in presenting the same evidence to a jury as it is already presented to the Court at the motion to suppress hearing.
 WHEREFORE, the Court clarifies its February 1, 2000 Decision and Judgment Entry by specifically ordering that the officer's observations of the defendant from the time of the stop to the time of the arrest be suppressed. That decision having been made in open court on March 8, 2000, the prosecutor stated that he could not go forward with the jury trial. Therefore, the court dismissed the DUI charge and the failure to yield charge, making the State's March 6, 2000 motion to continue moot.
SO ORDERED.
Later in the day on March 15, the State filed a "notice of appeal pursuant to Crim.R. 12(J)" which stated as follows:
 Now comes the City of Beavercreek by and through its Prosecuting Attorney, and pursuant to Criminal Rule 12(J) respectfully notifies the Court and Defendant that it intends to appeal the Decision of the Court suppressing certain evidence in the above referenced matter and dismissing the above referenced matter as announced by the Court in open Court on March 8, 2000 and contained in its Judgment entry filed on March 15, 2000. The Beavercreek Prosecuting Attorney certifies that this Appeal is not taken for the purpose of delay and that the ruling of the Court has rendered the City's proof with respect to the pending charge so weakens (sic) its entirety that any reasonable possibility of effective prosecution has been destroyed.
(Emphasis ours).
Bassham contends that we should dismiss this appeal because it is untimely under Crim.R. 12(J). We disagree that the appeal should be dismissed.
R.C. 2945.67(A) provides in part as follows:
 A prosecuting attorney, village solicitor, city director of law, or the attorney general may appeal as a matter of right any decision of a trial court in a criminal case, or any decision of a juvenile court in a delinquency case, which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, . . .
The notice of appeal was not taken only from the suppression of evidence; it was also taken from the dismissal of the complaint. Although the State does not argue on appeal that dismissal was improper, we have held that the trial court goes too far when it proceeds to dismiss a case after ruling favorably to the defense on a motion to suppress evidence. Cityof Dayton v. Joy (July 2, 1990), Montgomery App. No. 11846, unreported. Accordingly, the judgment of dismissal will be reversed, and the matter will be remanded for further proceedings.
The critical issue in this case is whether the State's notice of appeal, filed March 15, 2000, was timely as to the suppression issue.
Bassham contends that it was not. He contends that the trial court entered an unequivocal suppression order February 1, 2000, and that the State's appeal time ran from that date.
Indeed, the February 1, 2000 decision and judgment entry affirming and adopting the magistrate's decision was unequivocal: "The officer's observations and the results of the BAC datamaster are hereby suppressed."
Crim.R. 12(J) would appear to support Bassham's contention that the State waited too long to appeal:
 When the state takes an appeal as provided by law from an order suppressing or excluding evidence, the prosecuting attorney shall certify that: (1) the appeal is not taken for the purpose of delay; and (2) the ruling on the motion or motions has rendered the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed.
 The appeal from an order suppressing or excluding evidence shall not be allowed unless the notice of appeal and the certification by the prosecuting attorney are filed with the clerk of the trial court within seven days after the date of the entry of the judgment or order granting the motion. Any appeal taken under this rule shall be prosecuted diligently.
Although the suppression order of February 1 was unequivocal, it was not the trial court's last word on the issue. In its motion for clarification, the State acknowledged it was not permitted to utilize as evidence the arresting officer's post-arrest observations or the BAC datamaster results. It sought clarification as to whether the February 1 suppression order also applied to the observations of the officer from the first time he observed Bassham exiting Wallaby's up until the arrest. The State argued that it should not.
Notwithstanding that the trial court's suppression order of February 1, if read literally, embraced all of the arresting officer's observations, it only became clear during the clarification hearing March 8 that the trial court only intended to suppress the officer's observations after the stop. Indeed, the trial court "agree(d) that the (suppression order) was not artfully worded on that subject." The March 15 judgment clarified what the trial court intended to suppress.
The prosecutor could have, and probably should have, appealed within seven days of the February 1 suppression order. The February 1 order, read literally, destroyed any reasonable possibility of effective prosecution of both the DUI and failure to yield charges. The March 15 judgment, which clarified the February 1 order, revitalized the prosecution as to the failure to yield charge, but not as to the more serious DUI charge. Although the supreme court has held that an order suppressing evidence is a final order which may be appealed pursuant to R.C. 2945.67 and Crim.R. 12(J), State v. Davidson (1985), 17 Ohio St.3d 132, we do not understand a suppression order to be beyond the power of the trial court to revise where an appeal has not been taken from the suppression order. Although it didn't happen in this case, it is possible, in response to the State's motion for clarification, that the trial court would have limited its suppression order to post-arrest observations and the BAC datamaster results, thus revitalizing the prosecution as to the DUI charge and obviating the need for a Crim.R. 12(J) appeal.
Although not free of difficulty as just discussed, we believe the better course is to treat the March 15, 2000, judgment — which did limit the scope of the February 1 suppression order and thus did change that order — as a new suppression order. As such, the notice of appeal filed that same date was timely. The State concedes, and we agree, that had the March 15 judgment not changed the February 1 suppression order, a Crim.R. 12(J) appeal from the March 15 judgment would have been time barred.
Turning to the merits of the State's assignment of error, we first note that the State is not appealing the determination that the arresting officer lacked probable cause to arrest Bassham or the suppression of the fruits of that arrest. The State does claim that the trial court's suppression of the arresting officer's observations following the stop and preceding the arrest was error. We agree. The trial court found that Bassham was lawfully stopped, and it was constitutionally permissible for the arresting officer to conduct field sobriety tests. The fact that the officer's observations of those tests may not have given him probable cause to arrest did not make them suppressible. The fact that those observations, without more, might not survive a Crim.R. 29 motion for acquittal did not make them suppressible. In the absence of constitutional mischief, the trial court had no basis to suppress the officer's post-stop, pre-arrest observations of Bassham.
Accordingly, the assignment of error is sustained.
The order of suppression, to the extent that it is appealed, will be reversed. The order of dismissal will be reversed, and the matter will be remanded for further proceedings consistent with this opinion.
 ______________________ Wollf, J
BROGAN, J. and FAIN, J., concur.