DECISION
Defendant-appellant, Shawn R. Collins, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion to vacate judgment or, in the alternative, reconsider his motion for leave to file a motion for new trial. Because the trial court properly overruled defendant's motion to vacate or reconsider, we affirm.
Defendant was convicted in the Franklin County Court of Common Pleas of aggravated murder, attempted aggravated murder, and having a weapon while under disability. The trial court sentenced him to life in prison with no possibility of parole. On appeal, this court affirmed the trial court's judgment. State v. Collins (Apr. 10, 2001), Franklin App. No. 00AP- 650, unreported, appeal not allowed 93 Ohio St.3d 1410.
Between the time the trial court imposed sentence and this court determined defendant's direct appeal, defendant filed on January 5, 2001, a motion for leave of court to file a motion for new trial. Following the state's response on January 22, 2001, the trial court filed a decision and entry denying defendant's motion. Defendant did not appeal the trial court's judgment denying his motion.
Instead, on February 26, 2001, defendant filed a "Motion to Vacate Judgment and to Reconsider Motion for Leave to File Motion for New Trial." Following the state's response on March 6, 2001, the trial court filed a judgment entry on March 29, 2001, denying defendant's request to vacate or reconsider the court's judgment denying defendant's motion for leave to file a motion for new trial. Defendant timely appeals from the trial court's March 29, 2001 judgment entry, assigning the following errors:
 I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR LEAVE TO FILE A DELAYED MOTION FOR A NEW TRIAL AS APPELLANT WAS UNAVOIDABLY PREVENTED FROM DISCOVERY OF NEW EVIDENCE WITHIN THE STATUTORY TIME PERIOD.
 II. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR LEAVE TO FILE A DELAYED MOTION FOR NEW TRIAL WHERE THE MISCONDUCT OF THE PROSECUTING ATTORNEY MATERIALLY AND PREJUDICIALLY INTERFERRED [sic] WITH APPELLANT'S FUNDAMENTAL RIGHT TO A FAIR AND IMPARTIAL TRIAL AS MANDATED BY THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION, AND ARTICLE 1, SECTION 16 OF THE OHIO CONSTITUTION.
"A criminal defendant has the right to appeal from a trial court's final orders." State v. Davidson (1985), 17 Ohio St.3d 132, 134. A final order is any order that affects a substantial right and, in effect, determines the action in the trial court. Id. Here, the trial court overruled defendant's motion for leave to file a motion for new trial. The trial court's judgment entry denying the motion is a final appealable order. State v. Brooks (Aug. 5, 1999), Cuyahoga App. No. 75522, unreported, appeal not allowed 87 Ohio St.3d 1441. Accordingly, to timely appeal the merits of the trial court's determination, defendant was required to file a notice of appeal within thirty days of the January 25, 2001 judgment entry. Because defendant failed to do so, we lack jurisdiction to consider his two assignments of error that are directed to the merits of the trial court's January 25, 2001 judgment entry overruling his motion for leave to file a motion for new trial.
Moreover, defendant's motion for reconsideration of the January 25, 2001 judgment entry is a nullity, as a motion for reconsideration is inappropriate following a final judgment. See Pitts v. Dept. of Transportation (1981), 67 Ohio St.2d 378; State v. Kean (Jan. 25, 1990), Franklin App. No. 89AP-152, unreported, dismissed 52 Ohio St.3d 701; State v. Brady (Jan. 29, 1997), Summit App. No. 17750, unreported, motion for delayed appeal denied 79 Ohio St.3d 1486. Finally, although defendant timely appealed from the court's March 29, 2001 judgment entry overruling his motion to vacate, defendant does not assign as error any aspect of that determination. Indeed, even if we consider the propriety of the trial court's judgment entry overruling defendant's motion to vacate, we cannot find the trial court abused its discretion. Specifically, the trial court noted certain deficiencies in defendant's motion seeking leave to file a motion for a new trial, but defendant's motion to vacate did not cure the deficiencies: he did not attach the evidentiary basis for his motion or explain when the evidence was discovered in relation to the time limits set forth in Crim.R. 33.
Because defendant's two assignments of error are directed to, and appeal from, a judgment of the trial court over which this court lacks jurisdiction, we overrule defendant's two assignments of error and affirm the judgment of the trial court.
BOWMAN and DESHLER, JJ., concur.