OPINION
{¶ 1} Plaintiff-appellant the State of Ohio ("the State") brings this appeal from the judgment of the Crawford County Municipal Court granting defendant-appellee William Williamson's ("Williamson") motion in limine. Although this appeal has been placed on the accelerated calendar, this court elects to issue a full opinion pursuant to Loc.R. 12(5).
 {¶ 2} On October 31, 2003, Williamson was cited for driving under the influence. Williamson made a statement to the officer that he had "two prior DUIs." On February 10, 2004, Williamson filed a motion in limine requesting the State not be permitted to comment upon Williamson's prior DUIs. A hearing was held on the matter on March 3, 2004. After the hearing, the trial court held in reliance on Evid.R. 403(A), that the statements were overly prejudicial and granted the motion in limine prohibiting the State from commenting on Williamson's prior DUI convictions in its case-in-chief. It is from this judgment that the State appeals and certifies that the trial court's decision has rendered its proof of the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed. The State presents the following assignment of error.
The trial court erred in granting [Williamson's] motion in limine as itwas an untimely motion to suppress that failed to give the State noticeof specific factual or legal grounds on which it was based and grantingthe motion resulted in the suppression of evidence that is relevant andadmissible.
 {¶ 3} The State's argument is based upon the presumption that Williamson's motion in limine is actually a motion to suppress admissible evidence.
A motion in limine is tentative and precautionary in nature, reflectingthe court's anticipatory treatment of an evidentiary issue at trial. Indeciding such motions, the trial court is at liberty to change its rulingon the disputed evidence in its actual context at trial. Finality doesnot attach when the motion it granted.
* * *
[A] pretrial motion labeled in limine [is] the functional equivalent ofa motion to suppress where it "renders the state's proof with respect tothe pending charge so weak in its entirety that any reasonablepossibility of effective prosecution has been destroyed."
 Defiance v. Kretz (1991), 60 Ohio St.3d 1, 4, 573 N.E.2d 32 (citingState v. Davidson (1985), 17 Ohio St.3d 132, 477 N.E.2d 1141). See alsoState v. Lamb, 3rd App. No. 6-02-03, 2002-Ohio-4692. Although this court is unsure why the State needs the evidence of prior DUIs to show that Williamson was driving under the influence of alcohol in this instance, the State has certified that the granting of the motion in limine has so weakened its case that it may not effectively proceed with the prosecution of the case. The State also claims that this "motion to suppress" was not timely filed. However, this court notes that the State did not object to the timeliness of the filing until the hearing on the motion and the trial court, in the interests of judgment, may permit the filing of motions outside of time limits. Crim.R. 12. In addition, the trial court has the authority to hear arguments concerning the admissibility of evidence at any time, including during trial. Thus, the motion in limine will not be reversed for an untimely filing and we will review the decision to exclude the evidence only.
 {¶ 4} The decision whether to exclude evidence is within the sound discretion of the trial court. State v. McKinney, 9th App. No. 3207-M, 2002-Ohio-86, at ¶ 7. Relevant evidence must be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury. Evid.R. 403(A). Evidence of other crimes is generally inadmissible, but may be admitted for very limited purposes. Evid.R. 404(B).
 {¶ 5} In this case, the trial court consistently informed the State that any mention of the prior convictions would be deemed overly prejudicial and would not be admissible. The State was informed of this decision when the trial court ruled on the motion to suppress and again at the hearing on the motion in limine which informed the State that it could not bring out any statements about the prior convictions during its opening statements or in its case in chief.[1] The trial court based its decision on the rules of evidence and upon the fact that the State's case did not rest upon the admission of the statements regarding the prior convictions. The trial court held that the State's case in chief needed to be based upon the evidence for this instance including Williamson's behavior, the traffic incident, and Williamson's refusal to take the blood alcohol content test ("BAC"), not on his statements that he had two prior convictions for DUI. The State argues that the evidence should be admissible to show that Williamson knew he would not pass the BAC because he had two prior DUIs and that is why he did not take the test. However, Williamson's reason for refusing to take the BAC is not an element of the offense. The fact that he refused to take the test is sufficient for the jury to infer guilt.
 {¶ 6} This court has previously addressed this issue in State v.Hall, (Sept. 30, 1988), Union App. No. 14-86-29, unreported. In Hall,
this court held that the admission of evidence showing prior DUI convictions was overly prejudicial in a trial for a new DUI offense. This court held that the defendant's motion in limine precluding the admission of that evidence should have been granted and reversed the judgment and remanded the matter for a new trial.
The introduction of the evidence of prior convictions cannot be said tobe harmless to the defendant or his ability to obtain a fair andimpartial trial. On the contrary, evidence of prior convictions can beintroduced at trial only for limited purposes, such as to show motive orintent, or where the defendant has placed his character in issue. Suchevidence may not be introduced to imply or show guilt of the presentviolation.
Id. This ruling was based upon Evidence Rule 404(B). Based upon the rules of evidence and this court's prior rulings, we do not find that the trial court abused its discretion in granting Williamson's motion in limine concerning statements about his prior offenses. The assignment of error is overruled.
 {¶ 7} The judgment of the Crawford County Municipal Court is affirmed and the matter is remanded for dismissal of the pending charge pursuant to Crim.R. 12(K).
Judgment affirmed.
Shaw, P.J., and Rogers, J., concur.
[1] The trial court did allow for the possibility of the evidence becoming admissible depending upon the defense presented by Williamson.