JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff, David Carlo ("employee"), appeals the trial court's ruling on the motion in limine filed by defendant, Dorothy Nayman, executrix of the estate of Alvin Nayman. In his complaint, employee alleges that decedent, Alvin Nayman ("employer"), hired employee to work in his sole proprietorship, Big Maxx Company ("the company"), in 1995, at a salary of $1,000 per week. Employee also alleges in his complaint that he was stationed in China to oversee the production and shipment of goods manufactured for sale by the company from 1995 until December of 1998. He states that he and employer had an oral agreement that employer would pay his salary and either pay his business and travel expenses or reimburse employee for those expenses.
 {¶ 2} According to employee's complaint, employer stopped paying his salary in 1997. Employer also refused to reimburse employee for his expenses, which were charged on his American Express card. This refusal to pay the credit card expenses has resulted in a loss of credit for employee. Employee stated that he stopped working for employer in March 1999. Employer died at the end of 2000. Employee filed this suit to recoup his alleged losses at the beginning of 2002.
 {¶ 3} Prior to the scheduled trial, employer's estate filed a motion in limine seeking to bar the admission of any oral or written statements by the deceased employer, as well as any written communications from employee to employer.[1] The court granted the motion insofar as it prohibited "introducing into evidence any oral or written statements of the decedent * * * because such evidence is excluded as hearsay under the Ohio Rules of Evidence and no exception applies." Tr. at 30.
 {¶ 4} After the court made this ruling, employee moved for a finding under Civ.R. 54(B) of no just reason for delay so he could appeal the court's ruling on the motion in limine. Employee's counsel told the court that he believed that "the definition of a final order includes a ruling which precludes a judgment by depriving me of essential evidence to prove the case." Tr. at 36-37. Employee declined to go forward with the trial and the court granted employer's motion for a directed verdict.[2]
 {¶ 5} Employee then filed this appeal. In addition to filing a response brief, employer filed a motion to dismiss the appeal because employee had failed to preserve his claim by failing to present any evidence. We review this motion and employee's assignment of error together. The assignment of error states:
 {¶ 6} "I. The trial court erred to the prejudice of the plaintiff by excluding from the evidence all verbal and written statements made by defendant's decedent."
 {¶ 7} Employee argues that the court effectively precluded him from "a judgment by depriving [him] of essential evidence to prove the case." Tr. at 27. Specifically, he complains that granting defendant's motion in limine improperly barred him from presenting any oral or written statements of employer to prove the existence of the oral employment contract.
 {¶ 8} A preliminary issue is whether employee preserved his right to appeal. The general rule concerning motions in limine states:
 {¶ 9} "At trial it is incumbent upon a defendant, who has been temporarily restricted from introducing evidence by virtue of a motion in limine, to seek the introduction of the evidence by proffer or otherwise in order to enable the court to make a final determination as to its admissibility and to preserve any objection on the record for purposes of appeal. (State v. Gilmore (1986), 28 Ohio St. 3d 190, applied.)"
 {¶ 10} State v. Grubb (1986), 28 Ohio St.3d 199, paragraph two of the syllabus. A motion in limine is tentative and precautionary in nature, reflecting the court's anticipatory treatment of an evidentiary issue at trial. In deciding such motions, the trial court is at liberty to change its ruling on the disputed evidence in its actual context at trial. Finality does not attach when the motion is granted." City of Defiancev. Kretz (1991), 60 Ohio St. 3d 1 at 4, citing Grubb at 201-02. In the case at bar, employee is asking this court to rule on an order which was not a final order. The only order of the court which was final was the granting of defendant's motion for directed verdict.
 {¶ 11} We know from the transcript of the hearing on the motion in limine that employee wanted to prove he had an oral contract by introducing the faxes he and employer exchanged in the course of business. There was no evidence presented or proffered, however, for this court to review. Because employee failed to proffer any evidence or witnesses at trial for the court to make a final ruling on, we are precluded from reaching the merits of the motion in limine.
 {¶ 12} Employee relies on State v. Davidson to support his argument that because he was precluded from winning the case without the excluded evidence, he did not have to proffer it or go forward with trial.Davidson states in pertinent part:
 {¶ 13} "Any motion, however labeled, which, if granted, restricts the state in the presentation of certain evidence and, thereby, renders the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed, is, in effect, a motion to suppress. The granting of such a motion is a final order and may be appealed pursuant to R.C. 2945.67 and Crim. R. 12(J)."
 {¶ 14} State v. Davidson (1985), 17 Ohio St.3d 132, syllabus, cited byGrubb at 202. The case at bar differs, however, from Davidson. InDavidson, double jeopardy would have barred the state from retrying the case. Without the evidence the state sought to introduce, it had no proof of the crime alleged. Without a ruling on the motion prior to a trial, jeopardy would have attached. No such jeopardy applies to the civil case at bar.
 {¶ 15} Although Davidson explicitly applies the Criminal Rules and a criminal statute, employee argues that the Ohio Supreme Court extended its application in a footnote in Huffman v. Hair Surgeon:
"We note in passing that appellee's original appeal alleged that the trial court erred in granting appellants' motion in limine. As we noted in State v. Maurer (1984), 15 Ohio St. 3d 239, 259, quoting with approvalRedding v. Ferguson (Tex.Civ.App. 1973), 501 S.W.2d 717, 722, "* * * `[t]he purpose of a motion in limine is to avoid the injection into the trial, of matters which are irrelevant, inadmissible and prejudicial. * * * It also serves the useful purpose of raising and pointing out before trial, certain evidentiary rulings that the Court may be called upon to make. By its very nature, when properly drawn, its grant cannot be error. It is not a ruling on evidence. It adds a procedural step prior to the offer of evidence.'"
Maurer [(1984)15 Ohio St.3d 239] at 259-260, fn. 14, quoting with approval from Palmer, Ohio Rules of Evidence, Rules Manual (1984), at 446, adds:
"`Although extremely useful as a trial technique, the ruling in a motion in limine does not preserve the record on appeal. The ruling is as [sic] tentative, preliminary or presumptive ruling about an evidentiary issue that is anticipated but has not yet been presented in its full context. An appellate court need not review the propriety of such an order unless the claimed error is preserved by an objection, proffer, or ruling on the record when the issue is actually reached and the context is developed at trial.'" * * *
 {¶ 16} Nevertheless, we find that in this case appellants' "motion in limine" expressly requested a final court order preventing introduction of the challenged evidence during the trial. Given the fact that thehearing on the motion was held immediately prior to trial, and that themotion was sustained, we believe that under the circumstances of thiscase appellee's failure to object did not constitute a waiver of itschallenge. Accordingly, it is proper in this case for appellate review to consider the merits of the trial court's ruling. Cf. State v. Davidson
(1985), 17 Ohio St.3d 132, syllabus. Emphasis added."
 {¶ 17} Huffman v. Hair Surgeon (1985), 19 Ohio St.3d 83, 86 fn. 5.
 {¶ 18} Huffman differs from the case at bar because the parties inHuffman proceeded to trial, and evidence was in the record to support the claims asserted. In contrast, no evidence was presented in a trial in the case at bar; employee declined to proceed. The court stated, "[b]ased on the Court's ruling granting the defendant's motion in limine, the plaintiff has decided not to produce any witnesses or any evidence of plaintiff's claim, so I'm going to order judgment in favor of defendant on plaintiff's claim and order no just reason for delay pursuant to 54(B)." Tr. at 40. Here, because the appeal occurred without any trial, we have no evidence in the record to support employee's claims.
 {¶ 19} Case law provides only very rare instances in which a reviewing court will overlook a party's failure to proffer the excluded evidence at trial. In State v. Gilmore (1986), 28 Ohio St.3d 190, syllabus, the court held: "A party may not predicate error on the exclusion of evidence during the examination in chief unless two conditions are met: (1) the exclusion of such evidence must affect a substantial right of the party and (2) the substance of the excluded evidence was made known to the court by proffer or was apparent from the context within which questions were asked. (Evid. R. 103[A][2], applied, and State v. Hipkins [1982],69 Ohio St.2d 80, 82 [23 O.O.3d 123], modified.)"
 {¶ 20} In Gilmore, the party had failed to proffer the evidence in its case in chief at trial. The Court ruled that because "the substance of the excluded evidence is apparent to the court from the context within which questions were asked" during trial, the failure to proffer was not fatal to the appeal. Significantly, the basis for identifying the excluded evidence occurred from witness testimony during trial. Those are not the circumstances in the case at bar: no trial took place.
 {¶ 21} Similarly, in State v. Nieminen (Nov. 20, 1997), Cuyahoga App. No. 71826, fn. 3, the failure to proffer did not invalidate the appeal because the court could determine the substance of the excluded evidence from the questions asked at trial: "This court notes that appellant did not attempt to proffer the testimony of this witness as required by Evid.R. 103(A)(2). The substance of this witness's testimony, however, is apparent from the context within which the questions were asked and therefore this error is reviewable by this court." Again, in State v.Carlson (1986), 31 Ohio App.3d 72, 73 the court found that "Evid.R. 103(A)(2) excuses the need for a proffer where the substance of the evidence is apparent from the context." In each of those cases, however, a trial was held and an evidentiary ruling was made at trial. It was the ruling at trial from which the appeal was taken.
 {¶ 22} In the case at bar, however, the failure to continue on to trial prevented a final evidentiary ruling by the court on the disputed evidence. It is not until the evidence is actually excluded during the trial that the court is sufficiently able to view it in context and rule accordingly.
"An order granting or denying a motion in limine is a tentative, preliminary or presumptive ruling about an evidentiary issue that is anticipated but has not been presented in its full context. Therefore, an appellate court need not review the propriety of such an order, unless the claimed error is preserved by objection, proffer or ruling on the recordwhen the issue is actually reached and the context is developed attrial. State v. White (1982), 6 Ohio App.3d 1, 451 N.E.2d 533.
 {¶ 23} In the case sub judice, the trial court's ruling on the motion in limine was only a preliminary indication as to the admissability [sic] of the evidence that defendant-appellant sought to introduce. The trial did not progress to the point where a final determination on the admissability [sic] of the proffered evidence could be made by the trial court. Pursuant to State v. White, supra, this court need not review the trial court's ruling on the motion in limine at this time. (Emphasis added.)"
 {¶ 24} Cleveland v. Shelton (Feb. 24, 1994), Cuyahoga App. No. 65833, 1994 Ohio App. LEXIS 679, at *4-5.
 {¶ 25} Similarly, here, because employee failed to present any evidence on the merits of his case and the trial court could not therefore make any final evidentiary rulings on the excluded evidence, we are unable to review the merits of the court's determination. If employee had presented his case, for example, by testifying himself concerning his understanding of the alleged oral contract, presenting other possible witnesses to the contract, presenting his W-2 forms showing the company as his employer and proffering the faxes he sent to employer each day from China, he could have presented enough evidence to preserve the error. With no ruling at trial and no proffer of the excluded evidence, however, this court has no basis on which to reverse the court's decision concerning the preliminary motion in limine.
 {¶ 26} Accordingly, employee's appeal lacks merit.[3]
Judgment affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and Cooney, J., concur.
[1] The motion in limine also addressed a statute of frauds issue, but the court declined to rule on that portion of the motion before trial.
[2] Although employer had an outstanding counterclaim for the expenses provided to employee while he was in China, the court and parties agreed to hold that claim in abeyance until the ruling from the court of appeals on the motion in limine.
[3] Because of this result, we find employer's motion to dismiss is moot.