[Cite as *State v. Gold*, 2013-Ohio-5813.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2012-P-0134** |
| KANDI R. GOLD, | : | |
| Defendant-Appellee. | : | |

Criminal Appeal from the Portage County Municipal Court, Ravenna Division, Case No. R2012 TRC 07082.

Judgment: Reversed and remanded.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellant).

*Brian L. Coffman*, 159 South Main Street, Suite 808, Akron, OH 44308 (For Defendant-Appellee).

THOMAS R. WRIGHT, J.

{¶1}  This accelerated calendar appeal is from an order of the Portage County Municipal Court, Ravenna Division, granting the motion to suppress the results of a breath test performed on an Intoxilyzer 8000.  Appellant, the State of Ohio, contends that the trial court erred in allowing appellee, Kandi R. Gold, to raise a general attack upon the reliability of the breath test machine, and assigns the following error:

{¶2} "The Portage County Municipal Court erred as a matter of law by permitting a general attack on the scientific reliability of the Intoxilyzer 8000 contrary to Ohio statutes and well-established case law."

{¶3} As a threshold matter, we note that appellee styled her challenge to the reliability of the breath test machine as a motion in limine rather a motion to suppress. "The determination of whether a motion is a 'motion to suppress' or a 'motion in limine' does not depend on what it is labeled. It depends on the type of relief it seeks to obtain." *State v. Davidson*, 17 Ohio St.3d 132, 135 (1985). Thus, despite the caption, our review of appellee's motion to exclude the Intoxilyzer 8000 results indicates that it was, in fact, a motion to suppress, which if granted, would diminish appellant's ability to prosecute her. *Id.*

{¶4} Pursuant to this court's en banc judgment and opinion in *State v. Bergman*, 11th Dist. Portage 2012-P-0124, 2013-Ohio-___, appellant's assignment of error has merit. The trial court's judgment is reversed, and remanded for further proceedings.


TIMOTHY P. CANNON, P.J.,

COLLEEN MARY O'TOOLE, J.,

concur.

2