[Cite as *State v. Hamrick*, 2013-Ohio-5808.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**PORTAGE COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2012-P-0115** |
| JORDAN T. HAMRICK, | : | |
| Defendant-Appellee. | : | |

Criminal Appeal from the Portage County Municipal Court, Ravenna Division, Case No. R2011 TRC 15226.

Judgment: Reversed and remanded.

*Victor V. Vigluicci,* Portage County Prosecutor, *Pamela J. Holder,* Assistant Prosecutor, and *Kristina Drnjevich,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellant).

*Craig M. Stephens*, 206-A South Meridian Street, P.O. Box 229, Ravenna, OH 44266, and *Kenneth A. Bossin*, 1392 S.O.M. Center Road, Mayfield Heights, OH 44124 (For Defendant-Appellee).

COLLEEN MARY O'TOOLE, J.

{¶1} The State of Ohio appeals from the September 14, 2012 judgment entry of the Portage County Municipal Court, granting Jordan T. Hamrick's Amended Motion in Limine/Motion to Suppress in a drunken driving case. The motion was directed against the admissibility of breath test results from the Intoxilyzer 8000. We reverse and remand.

{¶2} November 24, 2011, Mr. Hamrick was stopped on State Route 44 at 2:35 a.m. He was issued a ticket for operating his vehicle under the influence of alcohol, a misdemeanor of the first degree, in violation of R.C. 4511.19(A)(1)(a) and (d), and speeding, a minor misdemeanor in violation of R.C. 4511.21. A breath test done with the Intoxilyzer 8000 indicated he had a blood alcohol concentration of 0.134.

{¶3} January 12, 2012, Mr. Hamrick moved to suppress. July 17, 2012, he filed his Amended Motion in Limine/Motion to Suppress, first raising the issue of whether the Intoxilyzer 8000 provides scientifically reliable results. Hearing was held September 14, 2012. The state declined to present any evidence that the Intoxilyzer 8000 is reliable; and, pursuant to its prior decision in *State v. Johnson*, Portage County M.C. No. R 2011 TRC 4090 (Jan. 6, 2012), *rev'd*, 11th Dist. No. 2012-P-0008, 2013-Ohio-440,[1] the trial court granted the Amended Motion in Limine/Motion to Suppress. By agreement of the parties, the trial court stayed execution of its judgment pending timely appeal by the state. September 17, 2012, the state certified that, without the results from Mr. Hamrick's Intoxilyzer 8000 test, its case was too weak to proceed. Crim.R. 12(K); R.C. 2945.67(A). That same day, it noticed this appeal.

{¶4} Initially, we must consider Mr. Hamrick's contention that this court is without jurisdiction, the judgment entry appealed not being final. He contends that the September 14, 2012 judgment entry of the trial court was premised on his motion in limine, and that motions in limine are preliminary and interlocutory. This same argument was presented in the recent case of *State v. Pizzino*, 11th Dist. Portage Nos. 2012-P-0079 and 2012-P-0080, 2013-Ohio-545. This court held:

---

1. The opinion of this court reversing the trial court was filed February 8, 2013.

{¶5} "'The purpose and effect of a motion to suppress and a motion *in limine* are distinct.' *State v. French*, 72 Ohio St.3d 446, 449, * * * (1995). A 'motion to suppress' is a '(d)evice used to eliminate from the trial of a criminal case evidence which has been secured illegally, generally in violation' of a constitutional right. *Id.*, citing Black's Law Dictionary (6 Ed.1990) 1014. '(T)he ruling of the court at the suppression hearing prevails at trial and is, therefore, automatically appealable by the state.' *Id.*, citing R.C. 2945.67(A) and (former) Crim.R. 12(J).

{¶6} "In contrast, a 'motion *in limine*' is a motion 'which is usually made before or after the beginning of a jury trial for a protective order against prejudicial questions and statements (* * *) to avoid injection into trial of matters which are irrelevant, inadmissible and prejudicial.' (Citation omitted.) *State v. Grubb*, 28 Ohio St.3d 199, 200, * * * (1986). In ruling on a motion in limine, 'the trial court is at liberty to change its ruling on the disputed evidence in its actual context at trial. Finality does not attach when the motion is granted.' (Citation omitted.) *Defiance v. Kretz*, 60 Ohio St.3d 1, 4, * * * (1991).

{¶7} "The Ohio Supreme Court has held that '(a)ny motion, however labeled, which, if granted, restricts the state in the presentation of certain evidence and, thereby, renders the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed, is, in effect, a motion to suppress. The granting of such a motion is a final order and may be appealed pursuant to R.C. 2945.67 and Crim. R. 12(J) (now (K)).' *State v. Davidson*, 17 Ohio St.3d 132, * * * (1985), syllabus. Accordingly, '(a) pretrial challenge to a breathalyzer test, if granted, destroys the state's case under (former) R.C. 4511.19(A)(3) (prohibited

3

breath alcohol concentration), and the state is permitted to appeal pursuant to R.C. 2945.67 and Crim. R. 12((K)(2)).' *Defiance* at 4." (Parallel citations omitted.) *Pizzino* at ¶10-12.

{¶8} The same analysis applies to this case. Consequently, we proceed to the state's sole assignment of error:

{¶9} "Portage County Municipal Court erred in permitting a general attack on the scientific reliability of the Intoxilyzer 8000 contrary to Ohio statutes and well-established case law."

{¶10} Our en banc decision in *State v. Bergman*, 11th Dist. Portage No. 2012-P-0124, 2013-Ohio__ is binding precedent on this point.[2] In the divided opinion issued July 15, 2013, this court affirmed the decision of the trial court refusing to admit the results of a test administered via the Intoxilyzer 8000 without evidence from the state regarding the machine's reliability, as violating the substantive due process rights of the defendant. *State v. Bergman*, 11th Dist. Portage No. 2012-P-0124, 2013-Ohio-3073, ¶38. July 18, 2013, a majority of this court decided, sua sponte, to convene en banc to resolve the intradistrict conflict existing between the opinion and judgment in *Bergman*, 2013-Ohio-3073, and other decisions of this court. Pursuant to the en banc decision in *Bergman*, the state's assignment of error has merit.

---

2. This writer personally adheres to her dissent in the en banc decision.

4

{¶11} In accordance with the foregoing, the judgment of the Portage County Municipal Court is reversed, and this matter is remanded for further proceedings. It is the further order of this court that appellee is assessed costs herein taxed. The court finds there were reasonable grounds for this appeal.

TIMOTHY P. CANNON, P.J.,

THOMAS R. WRIGHT, J.,

concur.