[Cite as *State v. Renkes*, 2012-Ohio-1931.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Sheila G. Farmer, J. |
| -vs- | |
| CHRISTOPHER J. RENKES | Case No. 11CAA070067 |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Delaware County Court of Common Pleas, Case No. 11CRI020106 |
| JUDGMENT: | Affirmed in part, Reversed in part and Remanded |
| DATE OF JUDGMENT ENTRY: | April 23, 2012 |
| APPEARANCES: | |

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| CAROL HAMILTON O'BRIEN<br>Delaware County Prosecuting Attorney | J.C. RATLIFF<br>JON L. JENSEN<br>JEFF RATLIFF |
| DOUGLAS DUMOLT<br>Assistant Prosecuting Attorney<br>140 N. Sandusky St., 3rd Floor<br>Delaware, Ohio 43015 | ASHLEY LAWSON<br>200 West Center Street<br>Marion, Ohio 43302 |

*Hoffman, J.*

{¶1}   Defendant-appellant Christopher J. Renkes appeals his conviction in the Delaware County Court of Common Pleas.  Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE CASE

{¶2}   On May 14, 2009, Detective Marcus Penwell of the Franklin County Sheriff's Office ICAC Task Force was posing online as a fifteen year-old female in an online Yahoo chat room.   Detective Penwell's online persona was contacted by a person using the screen name "jeff_bark2002."   The screen name was later positively identified as belonging to Appellant.   During the chat, Detective Penwell immediately made clear to Appellant he was chatting with a fifteen year old girl.   Appellant replied he was twenty-six and asked the on-line persona to come to his house.   Appellant arranged to meet the online fifteen year-old persona at a CiCi's restaurant in order to pick her up and take her back to his house.   He continually stated they would not "have sex" and would "sit across the room from each other."

{¶3}   On June 23, 2009, Appellant again contacted the on-line fifteen year old persona via Yahoo Instant Messenger.   He asked the persona her age appearing to not remember having talked to her.   The persona replied she was fifteen, and Appellant indicated he was at the meet location and he ate at a nearby restaurant in the same parking lot.   He then attempted to set up a second meet with the female persona.   At this time the chat was terminated by Detective Penwell.

{¶4}   Detective Penwell was contacted off and on via Yahoo Messenger by Appellant over a two month period.   Appellant attempted to arrange for the online female persona to meet him to go back to his place to "watch movies and swim."

{¶5} On one occasion, Detective Penwell arranged a meet and obtained a license plate number from a vehicle in which Appellant arrived at the location. Through the license plate, Detective Penwell was able to positively identify Appellant as the person he had been chatting with online.

{¶6} During a three month period, Appellant attempted to meet with the online persona on several occasions. On September 22, 2009, Appellant solicited the online persona using the screen name renkeschris@ymail.com to engage in sexual intercourse and arranged to meet at a designated location. He then changed the original location to a hotel parking lot. Detectives with the FCSO ICAC Task Force set up surveillance at the arranged meet location. Appellant was arrested at the meet location.

{¶7} On September 8, 2010, Appellant filed a motion to suppress statements and evidence. On September 21, 2010, the state of Ohio filed a memorandum in opposition to Appellant's motion to suppress. Via Judgment of October 26, 2010, the trial court granted Appellant's motion to suppress. On November 1, 2010, Appellee State filed a motion to clarify the court's ruling on Appellant's motion to suppress. Appellant responded on November 22, 2010. Via Judgment Entry filed December 2, 2010, the trial court granted the State's motion to clarify court's ruling on Appellant's motion to suppress. The trial court concluded Appellant's statements should be suppressed, but any derivative physical evidence may be admissible at trial.

{¶8} Appellant was charged in the indictment with fifteen counts of pandering sexually oriented matter involving a minor, in violation of R.C. 2907.322(A)(1)(counts 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 29); ten counts of illegal use of minor in nudity-

oriented material, in violation of R.C. 2907.323(A)(3) and (1)(counts 18, 19, 20, 21, 22, 23, 24, 25, 26, 27); and one count of importuning, in violation of R.C. 2907.07(D)(2)(count 17). The State dismissed counts 9, 16, and 28 prior to trial. Upon Appellant's Rule 29 Motion, the trial court found sufficient evidence of a lesser charge of R.C. 2907.323 on count 4. Further, the Court granted the Rule 29 Motion to Dismiss on counts 18, 19, 20, 21, 22, 23, and 24.

{¶9}   The trial court found Appellant not guilty of counts 2, 8, 11 and 26, and guilty beyond a reasonable doubt of counts 1, 3, 5, 7, 10, 12, 15, and 29 of the indictment, in violation of R.C. 2907.322(A)(1), pandering sexually oriented matter involving a minor, felonies of the second degree, and of counts 4 (lesser charge), 13 (lesser charge), 14 (lesser charge), 25 and 27, violations of R.C. 2907.323(A)(3), felonies of the fifth degree, and of count 17, a violation of R.C. 2907.07(D)(2), importuning, a felony of the fifth degree.

{¶10} At the sentencing hearing, the trial court sentenced Appellant to a consecutive collective prison term of four years and ten months in prison.

{¶11} Appellant now appeals, assigning as error:

{¶12} "I. THE ONLY RECOURSE AVAILABLE TO THE STATE WHEN THE TRIAL COURT SUPPRESSED ALL EVIDENCE SEIZED WAS TO FILE A NOTICE OF APPEAL AND CERTIFICATION AS THE STRICT REQUIREMENTS OF APP.R. 4(B)(4) CANNOT BE CIRCUMVENTED.

{¶13} "II. IT WAS ERROR FOR THE TRIAL COURT TO PERMIT THE STATE TO RAISE NEW ISSUES THROUGH A MOTION FOR CLARIFICATION AND THE

TRIAL COURT WAS WITHOUT AUTHORITY TO RECONSIDER AND MODIFY ITS PREVIOUSLY ISSUED FINAL APPEALABLE ORDER.

**{¶14}** "III. THE TRIAL COURT'S FINDING THAT THE DERIVATIVE EVIDENCE SEIZED DURING THE EXECUTION OF THE SEARCH WARRANT WAS ADMISSIBLE UNDER THE GOOD FAITH EXCEPTION TO THE EXCLUSIONARY RULE WAS NEITHER SUPPORTED BY SUFFICIENT, CREDIBLE EVIDENCE OR THE MANIFEST WEIGHT OF THE EVIDENCE.

**{¶15}** "IV. THE APPELLANT WAS DENIED HIS RIGHT TO DUE PROCESS OF LAW WHEN THE TRIAL COURT RECONSIDERED AND MODIFIED ITS EARLIER ORDER AND PERMITTED ORAL ARGUMENT UNDER THE GOOD FAITH EXCEPTION TO THE EXCLUSIONARY RULE WITHOUT CONDUCTING A FURTHER EVIDENTIARY HEARING.

**{¶16}** "V. APPELLANT'S CONVICTIONS FOR PANDERING SEXUALLY ORIENTED MATTER INVOLVING A MINOR, IMPORTUNING, AND ILLEGAL USE OF A MINOR IN A NUDITY-ORIENTED MATERIAL OR PERFORMANCE WERE NOT SUPPORTED BY SUFFICIENT, CREDIBLE EVIDENCE AND THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING APPELLANT'S RULE 29 MOTION FOR ACQUITTAL."

I. and II.

**{¶17}** Appellant's first and second assignments of error raise common and interrelated issues; therefore, we will address the arguments together.

**{¶18}** Appellant asserts the trial court erred in addressing the State's motion for clarification as the State's only recourse to challenge the trial court's ruling on the

motion to suppress was to file a notice of appeal with this Court pursuant to App. R. 9(B).

**{¶19}** Appellant's September 8, 2010 motion to suppress statements and evidence moves the trial court to suppress "statements the Defendant made to the investigating/arresting officers while the Defendant was being interrogated and under arrest, and that all evidence obtained as fruits of the Defendant's statements be suppressed, including the evidence obtained in the execution of the search warrant of the Defendant's residence on September 23, 2009."

**{¶20}** The State responded on September 21, 2010, arguing:

**{¶21}** "All statements made during the interview, and evidence obtained from the warrant issued based on those statements, should not be excluded as Defendant properly waived his rights guaranteed by the Fifth Amendment of the United States Constitution, as well as Article I, Section 10 of the Ohio Constitution."

**{¶22}** At the oral hearing conducted on September 22, 2010 and October 4, 2010, the trial court heard arguments and testimony as to the statements made during the interview and the derivative physical evidence obtained incident to the search warrant. Appellant argued the physical evidence obtained as a result of the execution of the search warrant was fruit of the poisonous tree and the statements made during the interview should be suppressed.

**{¶23}** The trial court's October 26, 2010 Judgment Entry concludes,

**{¶24}** "Under the totality of the facts in this case, the Court finds that the prosecution failed to prove by a preponderance of the evidence that the Defendant voluntarily, knowingly, and intelligently waived his Miranda rights.

**{¶25}** "Therefore, defendant's motion to suppress is granted for the reasons set forth."

**{¶26}** Ohio Rule of Criminal Procedure 12(K) provides for the state appeal from a trial court's ruling on a defendant's motion to suppress:

**{¶27}** "(K) When the state takes an appeal as provided by law from an order suppressing or excluding evidence, or from an order directing pretrial disclosure of evidence, the prosecuting attorney shall certify that both of the following apply:

**{¶28}** "(1) the appeal is not taken for the purpose of delay;

**{¶29}** "(2) the ruling on the motion or motions has rendered the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed, or the pretrial disclosure of evidence ordered by the court will have one of the effects enumerated in Crim. R. 16(D)."

**{¶30}** "The appeal from an order suppressing or excluding evidence shall not be allowed unless the notice of appeal and the certification by the prosecuting attorney are filed with the clerk of the trial court within seven days after the date of the entry of the judgment or order granting the motion. Any appeal taken under this rule shall be prosecuted diligently.

**{¶31}** "If the defendant previously has not been released, the defendant shall, except in capital cases, be released from custody on the defendant's own recognizance pending appeal when the prosecuting attorney files the notice of appeal and certification.

**{¶32}** "This appeal shall take precedence over all other appeals.

**{¶33}** "If an appeal from an order suppressing or excluding evidence pursuant to this division results in an affirmance of the trial court, the state shall be barred from prosecuting the defendant for the same offense or offenses except upon a showing of newly discovered evidence that the state could not, with reasonable diligence, have discovered before filing of the notice of appeal."

**{¶34}** In *State v. Malinovsky*, 60 Ohio St.3d 20, 573 N.E.2d 22 (1991), the Ohio Supreme Court held:

**{¶35}** "The General Assembly has granted prosecutors the right of appeal from an adverse ruling on a motion to suppress evidence prior to final disposition of a criminal prosecution. Crim.R. 12(J) reads:

**{¶36}** " '* * * The state may take an appeal as of right from the granting of a motion for the return of seized property, or from the granting of a motion to suppress evidence if, in addition to filing a notice of appeal, the prosecuting attorney certifies that: (1) the appeal is not taken for the purpose of delay; and (2) the granting of the motion has rendered the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed.

**{¶37}** " 'Such appeal shall not be allowed unless the notice of appeal and the certification by the prosecuting attorney are filed with the clerk of the trial court within seven days after the date of the entry of the judgment or order granting the motion. Any appeal taken under this rule shall be diligently prosecuted.

**{¶38}** " 'If the defendant has not previously been released, he shall, except in capital cases, be released from custody on his own recognizance pending such appeal when the prosecuting attorney files the notice of appeal and certification.'

**{¶39}** "Additionally, R.C. 2945.67 provides a similar right to appeal:

**{¶40}** " '(A) A prosecuting attorney, village solicitor, city director of law, or the attorney general may appeal as a matter or [of] right any decision of a trial court in a criminal case, or any decision of a juvenile court in a delinquency case, which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief pursuant to sections 2953.21 to 2953.24 of the Revised Code, and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case or of the juvenile court in a delinquency case.

**{¶41}** " '(B) In any proceeding brought pursuant to division (A) of this section, the court shall, in accordance with Chapter 120. of the Revised Code, appoint the county public defender, joint county public defender, or other counsel to represent any person who is indigent, is not represented by counsel, and does not waive his right to counsel.'

**{¶42}** "In *State v. Davidson* (1985), 17 Ohio St.3d 132, 17 OBR 277, 477 N.E.2d 1141, at the syllabus, we defined 'motion to suppress' as used in Crim.R. 12(J) to include '[a]ny motion, however labeled, which, if granted, restricts the state in the presentation of certain evidence and, thereby, renders the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed * * *.'

**{¶43}** "Davidson involved a pretrial motion *in limine* seeking to exclude evidence, not due to constitutional infirmity, but rather, under the Rules of Evidence. We made no comment in *Davidson* as to the applicability of Crim.R. 12(J) to evidentiary rulings at

trial. Today, we are asked to decide whether a prosecutor may file a Crim.R. 12(J) appeal during trial.

**{¶44}** "The defendant argues that a mid-trial evidentiary ruling is not a final appealable order and, hence, not appealable until final disposition of the case. The defendant further argues that because the state cannot appeal during trial, the subsequent dismissal for failure to prosecute coupled with the Double Jeopardy Clause bars reprosecution.

**{¶45}** "The defendant's arguments point directly to the problem that Crim.R. 12(J) was designed to address. A criminal defendant prejudiced by an adverse evidentiary ruling has the absolute right of appeal after conviction, and, if successful, may obtain meaningful relief. Prior to the adoption of Crim.R. 12(J), the state lacked this remedy. If the state was prejudiced by an adverse evidentiary ruling resulting in an acquittal, the state had no meaningful recourse, as the Double Jeopardy Clause barred retrial. In response, the adoption of Crim.R. 12(J) and enactment of R.C. 2945.67 were designed to preclude the loss of a worthy criminal case solely due to an erroneous ruling by a trial court.

**{¶46}** "While we have not previously considered whether a Crim.R. 12(J) appeal lies mid-trial, the state faces the same prospect of losing cases due to mistaken evidentiary rulings during trial as it does before trial. Once trial has begun, however, the defendant has an important interest in having his or her case decided by the jury impaneled to hear same. This interest arises from a defendant's right to a speedy trial and a defendant's double jeopardy guarantee to be free from multiple prosecutions. However, this interest is not absolute. See *United States v. Scott* (1978), 437 U.S. 82,

98 S.Ct. 2187, 57 L.Ed.2d 65; *State v. Calhoun* (1985), 18 Ohio St.3d 373, 18 OBR 429, 481 N.E.2d 624.

**{¶47}** "We are thus faced with the question of whether the defendant's interest in an uninterrupted trial outweighs the state's interest in effective prosecutions. Because of the procedural safeguards provided by certification, we hold that Crim.R. 12(J) allows for expedited appeals of evidentiary rulings during trial without impermissibly infringing upon a defendant's interest in an uninterrupted trial.

**{¶48}** "Crim.R. 12(J) does not provide the state with an unfettered right of appeal. The certification element of Crim.R. 12(J) provides the defendant with protection from prosecutorial abuse and harmonizes the appeal with the final order requirement of the Ohio Constitution.[FN1] Under Crim.R. 12(J) the state must certify that the appeal is not taken for the purpose of delay and that the complained-of ruling destroys the state's case. Because the state certifies that the ruling destroys its case, the ruling is, in essence, a final order."

**{¶49}** We find the trial court's October 26, 2010 Judgment Entry clearly granted Appellant's motion to suppress not only Appellant's statements but also the derivative physical evidence seized incidental to the search of his residence based upon the arguments of the parties in the motion, briefing and arguments presented at hearing in this matter. We find the trial court's October 26, 2010 Judgment Entry granting Appellant's motion to suppress was a final appealable order from which the State should have appealed. Accordingly, Appellant's first and second assignments of error are sustained.

III. and IV.

{¶50} Appellant's third and fourth assignments of error raise common and interrelated issues; therefore, we will address the arguments together.

{¶51} Appellant maintains the trial court abused its discretion in allowing the physical evidence seized incident to the search warrant upon ruling on the State's motion for clarification.

{¶52} Upon review of the record, the trial court conducted a motion hearing on November 23, 2010, wherein the parties presented arguments with regard to the State's motion for clarification. Therefore, Appellant's arguments relative to the trial court's failure to conduct a hearing on the motion are not well-taken.

{¶53} However, in light of our analysis and disposition of Appellant's first and second assignments of error, Appellant's arguments relative to the trial court abusing its discretion in suppressing the derivative physical evidence incident to the search of Appellant's residence in addition to Appellant's statements are moot.[1]

V.

{¶54} Herein, Appellant argues his convictions for pandering sexually oriented matter involving a minor, importuning and illegal use of a minor in a nudity-oriented material or performance were against the manifest weight and sufficiency of the evidence. Appellant further argues the trial court erred in denying his Criminal Rule 29 motion for acquittal.

---

[1] That is not to say we find the trial court's subsequent decision based upon *Herring v. United States* (2009) 129 S.Ct. 695 was erroneous had we found it had jurisdiction to enter it.

**{¶55}** In light of our analysis and disposition of Appellant's first and second assignments of error, we find Appellant's arguments with regard to his convictions for pandering sexually oriented matter involving a minor and illegal use of a minor in a nudity-oriented material or performance are moot.

**{¶56}** However, Appellant's conviction for importuning was not based upon the physical evidence obtained incident to the search warrant. Appellant maintains his conviction for importuning was against the manifest weight and sufficiency of the evidence, and the trial court erred in denying his motion for acquittal.

**{¶57}** In determining whether a trial court erred in overruling an appellant's motion for judgment of acquittal, the reviewing court focuses on the sufficiency of the evidence. See, e.g., *State v. Carter*, 72 Ohio St.3d 545, 553, 651 N.E.2d 965, 974 (1995); *State v. Jenks*, 61 Ohio St.3d 259 at 273, 574 N .E.2d 492 at 503 (1991).

**{¶58}** When reviewing the sufficiency of the evidence, our inquiry focuses primarily upon the adequacy of the evidence; that is, whether the evidence, if believed, reasonably could support a finding of guilt beyond a reasonable doubt. See *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541, 546 (1997), (stating, "sufficiency is the test of adequacy"); *State v. Jenks*, 61 Ohio St.3d 259 at 273, 574 N.E.2d 492 (1991), at 503. The standard of review is whether, after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Jenks,* 61 Ohio St.3d at 273, 574 N.E.2d at 503.

**{¶59}** Weight of the evidence addresses the evidence's effect of inducing belief. *State v. Wilson,* 713 Ohio St.3d 382, 387–88, 2007–Ohio–2202 at ¶ 25–26, 865 N.E.2d 1264, 1269–1270. An appellate court may not merely substitute its view for that of the jury, but must find "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins,* supra, 78 Ohio St.3d at 387, 678 N.E.2d 541. (Quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717, 720–721 (1983). Accordingly, reversal on manifest weight grounds is reserved for "the exceptional case in which the evidence weighs heavily against the conviction." *State v. Thompkins,* supra.

**{¶60}** Appellant engaged in online chats starting in May 2009, with an undercover police officer posing online as a fifteen year-old girl. Appellant used the screen name Jeff Bark and initiated contact with the online persona. The chat lead to an exchange of cell phone numbers and the online persona received a telephone call from a 740 cell phone number. Appellant later tells the online persona his real name is Chris. Appellant arranges a meet, and indicates after he picks her up, nothing is going to happen, and "you can do whatever you want, but I won't." However, Appellant was aware the female online persona was 15 years old.

**{¶61}** The next online contact between Jeff Bark and the online persona occurs on June 23, 2009, wherein Appellant indicates he was at Cici's restaurant waiting for her but she did not show. Appellant again indicates he can drive to meet her.

**{¶62}** In September 2009, the online persona and Jeff Bark agree to meet at a Steak N Shake restaurant, and Appellant described the car he would be driving and the parking lot. Detective Penwell went to the meeting place and located a car backed into

the parking space matching the description given in the chat. Detective Penwell was able to get the license plate number of the vehicle, and saw Appellant in the driver's seat thereof. After running the plate through OHLEG, he was able to determine the vehicle was registered to Appellant.

{¶63} On September 17 and 18, 2009, via online chat, Appellant agreed to be the boyfriend of the online persona. He agrees he wants to do boyfriend and girlfriend stuff with her, and asks her to explain what that is. A discussion of sex acts ensues.

{¶64} The final chat occurs on September 22, 2009. While engaged in an online chat with the female peronsa Appellant instant messaged the female persona using the screen name RenkesChris. The officers identified this as Appellant based on the previous meet wherein they traced Appellant's license plate and visually identified him in the parking lot. Appellant asked the female for her age, and was informed she is 15 years-old. Appellant proceeded to solicit sex and repeatedly propositioned the female persona to engage in sexual acts. She told him she is talking with her boyfriend at the time. She eventually arranged a meet with Appellant under the screen name JeffBark at the Steak N Shake near her home. Appellant later called the cell phone number and changed the meet site to a hotel parking lot, alleging there were police cars in the parking lot.

{¶65} Appellant was later arrested in the hotel parking lot, and later charged with importuning, in violation of R.C. 2907.07(D)(2).

{¶66} The statute reads, in pertinent part:

{¶67} "(D) No person shall solicit another by means of a telecommunications device, as defined in section 2913.01 of the Revised Code, to engage in sexual activity

with the offender when the offender is eighteen years of age or older and either of the following applies:

{¶68} "***

{¶69} "(2) The other person is a law enforcement officer posing as a person who is thirteen years of age or older but less than sixteen years of age, the offender believes that the other person is thirteen years of age or older but less than sixteen years of age or is reckless in that regard, and the offender is four or more years older than the age the law enforcement officer assumes in posing as the person who is thirteen years of age or older but less than sixteen years of age."

{¶70} Upon review, we find Appellant's conviction for importuning is not against the manifest weight and sufficiency of the evidence, and the trial court did not err in denying Appellant's motion for acquittal as to the offense.

{¶71} Appellant's assigned error is sustained in part, and overruled in part.

{¶72} The judgment of the Delaware County Court of Common Pleas is affirmed in part, reversed in part, and remanded to the trial court for further proceedings in accordance with the law and this opinion.

By: Hoffman, J.

Delaney, P.J. and

Farmer, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee             :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
CHRISTOPHER J. RENKES                  :
                                       :
    Defendant-Appellant            :          Case No. 11CAA070067


For the reasons stated in our accompanying Opinion, the judgment of the Delaware County Court of Common Pleas is affirmed in part, reversed in part, and remanded to the trial court for further proceedings in accordance with the law and this opinion. Costs waived.


s/ William B. Hoffman
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney
HON. PATRICIA A. DELANEY


s/ Sheila G. Farmer
HON. SHEILA G. FARMER