[Cite as *State v. Webb*, 2012-Ohio-4238.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Julie A. Edwards, J. |
| -vs- | : | |
| | : | Case No. 11 CAC 10 0099 |
| JACQUELINE A. WEBB | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Delaware Municipal Court
                             Court, Case No. 11 TRC 7501

JUDGMENT:                    REVERSED AND REMANDED

DATE OF JUDGMENT ENTRY:      September 12, 2012

APPEARANCES:

For Appellant:                       For Appellee:

MICHAEL A. MARROCCO                   ELIZABETH A. MATUNE
98 N. Union St.                       Asst. Prosecuting Attorney
Delaware, OH 43015                    70 N. Union St.
                                      Delaware, OH 43015

*Delaney, P.J.*

{¶1} Defendant-Appellant Jacqueline Webb appeals her October 24, 2011 conviction and sentence for a violation of R.C. 4511.19(A)(1)(h) by the Delaware Municipal Court. The State of Ohio is the Plaintiff-Appellee.

## FACTS AND PROCEDURAL HISTORY

{¶2} Webb was charged in the Delaware Municipal Court with operating a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a), operating a motor vehicle with a breath-alcohol concentration of .17 of one gram or more in violation of R.C. 4511.19(A)(1)(h), a stop sign violation, improper backing, and aggravated menacing. Webb entered a not guilty plea on July 11, 2011.

{¶3} Webb filed a motion to suppress all evidence obtained during the incident, including the initial encounter with the police, the OVI field investigation, and post-arrest. A hearing was set on the motion for August 26, 2011.

{¶4} At the suppression hearing, the parties stipulated the officer had sufficient reasonable suspicion and probable cause to stop Webb and subsequently arrest Webb. The parties further stipulated the horizontal gaze nystagmus portion of the field sobriety test was not done in substantial compliance with the NHTSA manual, but two other field sobriety tests were performed in substantial compliance. The issue before the trial court was whether the breath test was administered in substantial compliance with ODH regulations. The parties stipulated to the admission of State Exhibit 1, a packet of documents relating to the administration of the breath test, for the trial court to make its determination.

{¶5} The trial court issued its decision on August 31, 2011. The trial court found upon its review of State Exhibit 1, the evidence failed to establish the officer

who administered the breath test held an operator's or senior operator's permit as required by Ohio Adm.Code 3701-53-07(C). Accordingly, the State failed to prove the breath test was administered in substantial compliance with ODH regulations. The trial court suppressed the result of the breath test.

{¶6} The state filed a Motion to Reconsider on September 1, 2011. The State argued that due to an error by the prosecuting attorney, the operator's permit of the officer was not included in State Exhibit 1 for the trial court's consideration. The State attached the operator's permit to the motion.

{¶7} The trial court held an oral hearing on the motion to reconsider. By judgment entry issued September 23, 2011, the trial court granted the motion to reconsider and allowed the evidence of the operator's permit to be admitted as evidence. The trial court found the breath test was administered in substantial compliance with ODH regulations and denied Webb's motion to suppress.

{¶8} At the final pretrial, Webb entered a no contest plea to R.C. 4511.19(A)(1)(h) and criminal damaging. The trial court found Webb guilty and sentenced Webb by judgment entry on October 24, 2011.

{¶9} It is from this decision Webb now appeals.

**ASSIGNMENTS OF ERROR**

{¶10} Webb raises two Assignments of Error:

{¶11} "I. THE TRIAL COURT ERRED IN GRANTING THE STATE'S MOTION FOR RECONSIDERATION AND SUBSEQUENT ADMISSION OF APPELLANT'S BAC RESULTS.

{¶12} "II. THE TRIAL COURT ERRED IN ADMITTING INTO EVIDENCE APPELLANT'S BAC TEST WHEN THE PROSECUTION FAILED TO PROVE SUBSTANTIAL COMPLIANCE WITH THE ODH RULES AND REGULATIONS GOVERNING WEEKLY INSTRUMENT CHECKS OF THE BAC DATAMASTER."

## ANALYSIS

### I.

{¶13} Webb argues in her first Assignment of Error the trial court erred in considering and granting the State's motion for reconsideration of the August 31, 2011 judgment entry because the State's only recourse to challenge the trial court's ruling on the motion to suppress was to file a notice of appeal with this Court pursuant to App.R. 9(B). We agree.

{¶14} Ohio Rule of Criminal Procedure 12(K) provides for the state to appeal from a trial court's ruling on a defendant's motion to suppress:

(K) When the state takes an appeal as provided by law from an order suppressing or excluding evidence, or from an order directing pretrial disclosure of evidence, the prosecuting attorney shall certify that both of the following apply:

(1) the appeal is not taken for the purpose of delay;

(2) the ruling on the motion or motions has rendered the state's proof with respect to the pending charge so weak in its entirety

that any reasonable possibility of effective prosecution has been destroyed, or the pretrial disclosure of evidence ordered by the court will have one of the effects enumerated in Crim. R. 16(D).

The appeal from an order suppressing or excluding evidence shall not be allowed unless the notice of appeal and the certification by the prosecuting attorney are filed with the clerk of the trial court within seven days after the date of the entry of the judgment or order granting the motion. Any appeal taken under this rule shall be prosecuted diligently.

If the defendant previously has not been released, the defendant shall, except in capital cases, be released from custody on the defendant's own recognizance pending appeal when the prosecuting attorney files the notice of appeal and certification.

This appeal shall take precedence over all other appeals.

If an appeal from an order suppressing or excluding evidence pursuant to this division results in an affirmance of the trial court, the state shall be barred from prosecuting the defendant for the same offense or offenses except upon a showing of newly discovered evidence that the state could not, with reasonable diligence, have discovered before filing of the notice of appeal.

{¶15} In *State v. Renkes*, 5th Dist. No. 11CAA070067, 2012-Ohio-1931, this Court recently examined the issue of whether the State was required to appeal a trial court's judgment entry granting the defendant's motion to suppress or whether the State could instead utilize a motion for clarification to challenge the judgment entry

granting the motion to suppress. *Id.* at ¶18-25. We analyzed *State v. Malinovsky*, 60 Ohio St.3d 20, 573 N.E.2d 22 (1991), that held pursuant to the Rules of Criminal Procedure, when a trial court grants a defendant's motion to suppress and such ruling destroys the State's case, the ruling is a final order. *Id.* at ¶34-48. The motion to suppress judgment entry in *Renkes* suppressed not only the defendant's statements but also the derivative physical evidence seized incidental to the search of the defendant's residence, thereby effectively destroying the State's case against the defendant. *Id.* at 49. We found the judgment entry granting the defendant's motion to suppress was a final appealable order from which the State should have appealed. *Id.* The judgment was reversed in part and remanded to the trial court for further proceedings.

{¶16} In the case sub judice, Webb was charged with operating a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a) and operating a motor vehicle with a breath-alcohol concentration of .17 of one gram or more in violation of R.C. 4511.19(A)(1)(h). Webb filed a motion to suppress the results of the breath test. The trial court's August 31, 2011 judgment entry granted the motion and suppressed the results of the breath test. Upon the State's motion to reconsider, the trial court denied Webb's motion to suppress and allowed the results of the breath test as evidence. Webb then pleaded no contest to a violation of R.C. 4511.19(A)(1)(h).

{¶17} Pursuant to *State v. Renkes*, we find the August 31, 2011 judgment entry granting Webb's motion to suppress was a final appealable order. In Ohio, a trial court has no authority to reconsider a valid final judgment in a criminal case. *State v. Brown,* 5th District No. 09–CA–137, 2010–Ohio–2757, ¶ 19, citing *State v. Moore,* 4th

Dist. No. 03CA18, 2004–Ohio–3977. The Ohio Supreme Court has held that a motion for reconsideration of a final judgment is a nullity. *Pitt v. Ohio Dept. of Transp.,* 67 Ohio St.2d 378 (1981).

{¶18} Accordingly, we affirm Webb's first Assignment of Error.

*II.*

{¶19} Webb argues in her second Assignment of Error the trial court erred in admitting the evidence of the results of the breath test.

{¶20} In light of our analysis and disposition of Webb's first Assignment of Error, Webb's second Assignment of Error is moot.

**CONCLUSION**

{¶21} Based on the foregoing, we affirm Webb's first Assignment of Error.

{¶22} The judgment of the Delaware Municipal Court is reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion and law.

By: Delaney, P.J.

Wise, J. and

Edwards, J. concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. JOHN W. WISE

_____
HON. JULIE A. EDWARDS

PAD:kgb

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff - Appellee | : | JUDGMENT ENTRY |
| | : | |
| | : | |
| -vs- | : | |
| | : | Case No. 11 CAC 10 0099 |

JACQUELINE A. WEBB                    :
                                     :
    Defendant - Appellant            :
                                     :


    For the reasons stated in our accompanying Opinion on file, the judgment of the

Delaware Municipal Court reversed and the matter is remanded for further

proceedings consistent with this opinion and law.  Costs assessed to Appellee.



                                    _____
                                    HON. PATRICIA A. DELANEY


                                    _____
                                    HON. JOHN W. WISE


                                    _____
                                    HON. JULIE A. EDWARDS